ALBANY,
August, 1818

FOWLER
v.
SHARP.

</div>

---

FOWLER *against* SHARP and another, Executors of SHARP.

THIS was an action of assumpsit. The declaration contained counts for the use and occupation of a dwelling-house by the testator; for money had and received, &c. by the testator, and for rent on a parol demise by the plaintiff to the testator. The defendants pleaded, 1. *Non assumpsit*; 2. Payment; 3. *Actio non accrevit infra sex annos*; and, 4. the following plea:

"And for a further plea in this behalf, the said *John Sharp*," (the other defendant was returned not taken,) "by like leave of the court here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says, that the said *Theodosius Fowler* ought not to have or maintain his aforesaid action thereof against him, the said *John Sharp*, because, he says, he had not, on the day of exhibiting the bill of the said *Theodosius Fowler*, in this behalf, or any time since, had any goods or chattels which were of the said *Robert Sharp*, deceased, at the time of his death in the hands of him, the said *John Sharp*, as executor, as aforesaid, to be adminis-

<div style="font-size:smaller">

A plea by an executor, stating, that he had not, on the day of exhibiting the plaintiff's bill, nor any time since, had any goods or chattels which were of the testator at the time of his death, in his hands to be administered, without alleging that he had fully administered the goods and chattels which were of the testator at the time of his death, and which had come to the hands of the defendant to be administered; and without alleging that he never had any goods or chattels of

</div>

<div style="font-size:smaller">

the testator in his hand to be administered, is good both in form and substance.

And the exhibition of the bill, mentioned in the plea, is tantamount to the commencement of the suit, or suing out the writ, and will be so regarded, unless the plea is specially demurred to on that ground.

</div>

FOWLER
v.
SHARP.

tered, and this he is ready to verify. Wherefore he prays judgment," &c.

The plaintiff demurred specially to this plea, and showed for causes of demurrer that the defendant had not in his plea alleged, that he, the defendant, had fully administered all and singular the goods and chattels which were of the said *Robert Sharp*, deceased, at the time of his death, and which had ever come to the hands of the defendant as executor to be administered : and that the defendant had not alleged that he had never had any goods or chattels which were of the said *Robert Sharp*, deceased, at the time of his death in the lands of the defendant, as executor, to be administered. The defendant joined in demurrer.

*Peter A. Jay*, in support of the demurrer, said, that great strictness was required in the plea of *plene administravit.* The defendant does not allege the fact in his plea that he has fully administered, as he ought to have done according to the forms given in the books. (2 *Chitty Pl.* 451. 3 *Went. Pl.* 211. 214. *Rast. Ent.* 223.) *Comyns* (*Com. Dig. Pleader*, 581. (2 *D.* 9.) says, if the plea of *plene administravit* is, that the defendant *nulla habet bona*, without more, it is bad, or that *plene administravit*, omitting *et quod nulla bona*, &c. as in *Hewlet* v. *Framingham*, (3 *Lev.* 28.) where the defendant pleaded, that " *he fully administered* all the goods which were of the testator at the time of his death, or at any time since, except goods and chattels to the value of 10 pounds, which are not sufficient to satisfy," &c. which plea was held bad, on demurrer, because, for want of the words " and that he has no goods or chattels of the testator, nor had any on the day of suing out the writ aforesaid, or at any time since," &c.

*Caines*, contra, insisted that the plea contained every thing requisite to constitute a good defence. If there were no assets, it would be absurd for the executor to plead that he had fully administered them. *Chitty*, in the second edition of his Treatise on Pleadings, gives this precise form, and refers to the note of Serjeant *Williams*. (2 *Saund*, 220. n. 3.) who says, the words " that they have fully adminis-

tered the goods," &c. are superfluous, and that the more formal and correct way of pleading appears to be, " that they have no goods or chattels," omitting the preceding words, " that they had fully administered."

ALBANY,
August, 1818.

FOWLER
v
SHARP.

SPENCER, J. delivered the opinion of the court. If the plea in substance alleges that the defendant had not, at the time of the plea pleaded, nor at the commencement of the suit, or any time since, had any goods, &c. in his hands, as executor, to be administered, it would seem to be a good plea. The precedents are, that the executor has fully administered, in addition to the allegations of the plea under consideration. Serjeant *Williams* is of opinion that the words, " that they have *fully administered the goods*," &c. seem to be superfluous, and that the more formal and correct way of pleading appears to be according to the present plea. (2 *Saund.* 221. note 3.) And although *Chitty* gives the form of the plea, as the plaintiff's counsel contend it should be, yet the form of the replication, as given by him, takes issue on the defendant's having assets in his hands to be administered, on the day of exhibiting the bill; and this shows that the natural and essential part of the plea is the possession of unadministered assets.

I cannot perceive that the omission to state, that the defendant has fully administered, is either a formal or substantial omission, and I consider the plea good without that allegation.

The case of *Hewlet* v. *Framingham*, (3 *Lev.* 28.) confirms my opinion; for, in that case, the court held the plea to be bad, because it omitted to allege that the defendant had no goods or chattels of the testator, and that he had not on the day of suing out the writ, or at any time after, on the ground that the plea of *plene administravit* merely related to the time of the plea pleaded, and because the defendant might have paid debts upon simple contract without suit after the writ purchased, and before plea.(*a*)

(*a*) In *Platt* v. *Robins* and *Swartwout*, (1 *Johns. Cases,* 276.) it is said that the plea of *plene administravit* is an affirmative plea, and that the *onus probandi* lies on the defendant. The above being a negative plea, throws the burden of proof on the plaintiff.

The only difficulty I feel in this case relates to that part of the plea which states, that on the day of the plaintiff's exhibiting his bill, the defendant had no goods or chattels, &c. If this refers to the filing the declaration, I should hold the plea to be bad. The cases which bear on this point are *Carpenter* v. *Butterfield.* (3 *Johns. Cases*, 145.) *Lowry* v. *Lawrence*, (1 *Caines*, 70.) and *Bird, Savage, and others*, v. *Caritat*, 2 *Johns. Rep.* 342.) These cases abundantly establish the point, that the suing out the writ is the commencement of the suit, and that the exhibition of the bill, which the modern *English* authorities consider as the commencement of the suit, is not so with us.(*b*)

It is, however, very usual in practice to refer in pleading to the exhibition of the bill as equivalent to saying, the commencement of the suit, and I should be inclined to consider it, unless specially demurred to, as tantamount to saying the commencement of the suit, or suing out the plaintiff's writ, and to hold the party to proof accordingly. On the whole, we are of opinion that judgment must be entered for the defendants, with leave to plaintiff to amend on payment of costs.

Judgment for the defendants.

(*b*) The words, " on the day of exhibiting the bill of the said *A. B.*" are used only when the suit is in the court of K. B. and *by bill*, as it is called, which is *peculiar* to that court, referring to the *plaint* or *original bill* filed, or supposed to be filed, by the plaintiff, on which the *process* to bring in the defendant is founded : but where the suit is by *original writ*, or in the court of C. P. the proper words of the plea are " at the time of the commencement of the suit." Those *English* authorities, therefore, which confound the *original bill* in K. B. with the *declaration* filed after the return of process, or the *bill* in particular cases, as against *attorneys, prisoners*, &c. cannot be correct. (Vide 3 *Johns. Cases*, 150. *per Radcliff*, J. 1 *Sellon Pr.* 28. 36.)