Curia, per Sutherland, J.
The substantial part of the plea is, that the defendant had no goods or chattels of the testator, &c., at the time of the exhibiting of the plaintiff’s *703 bill, or at any time since. The allegation that he had fully administered was wholly unnecessary, both in point of form and substance. This was expressly decided in Fowler v. Sharp, (15 John. 323,) where a plea precisely like the one in this case, (except the allegation that the defendant had fully administered was omitted,) was held good upon special demurrer, assigning that omission as one of the causes. Sergeant Williams, in 2 Saund. 221, note 3, says, “ The words, ‘ that they have fully administered,’ &c., seem to be superfluous; and the more formal and correct way of pleading appears to be, that they have no goods and chattels, &c., omitting the preceding words,1 that they had fully administered.’ ”
So, in Hewlet v. Framingham, (3 Lev. 28,) the court held a plea oí plene administravit merely, omitting the allegation that the defendant had no goods or chattels, &c., of the testator on the day of suing out the writ, or at any time afterwards, to be bad, on the ground that the allegation of plene administravit merely, related to the time of plea pleaded.
It is true that the form given by Chitty contains both branches of the plea. (2 Chitty’s Pl. 451.) But the replication given by him to the plea takes no notice of the first allegation. It takes issue on the fact of the defendant having goods and chattels, &c, to be administered, at the commencement of the suit. (2 Chitty, 609.) This fact shows, as is observed by Spencer, J., in Fowler v. Sharp, that the material part of the plea is the possession of assets at the commencement of the suit or afterwards.
The replication in this case is in that form; and the issue is to be considered the same as though the words, *“ that the defendant had fully administered,” had been omitted in the plea.
The affirmative allegation, therefore, is made by the plaintiff. The defendant says he had no goods and chattels, &c. The plaintiff replies that he had. The plea is negative, and the replication affirmative; and the-case seems to fall within the general rule of evidence, that the point in issue is to be proved by the party who asserts the *704 affirmative; ei incumbit probaíio, qui didt, nbn qui negat; unless the circumstance that the facts necessary to maintain the issue, are peculiarly within the knowledge and cognizance of the defendant, makes it an exception. I am not aware that that circumstance has ever been held to exempt a party from the necessity of proving an affirmative allegation, though it frequently has that effect in relation to negative averments. Thus, in an action upon the game laws in England, though the plaintiff must aver, in order to bring the defendant within the act, that he was not duly qualified; yet he is not bound to disprove his qualifications ; but the defendant must prove himself qualified. (1 T. R. 144, 649; 6 T. R. 57; 1 Bos. & Pull. 468; 3 Bos. & Pull. 307; 1 East, 650.) The same rule applies to proceedings on informations before magistrates, as to actions for penalties; (1 East. 653;) and one of the reasons assigned for this rule is, that all the qualifications specified in the statute, are peculiarly within the knowledge of the qualified person.
So where a culpable omission or breach of duty is charged, the person who makes the charge is bound to prove it, though it may involve a negative; for every man is presumed to have acted legally, until the contrary is proved; (3 East, 199; 10 East, 216;) though the rule in relation to the game laws seems to be inconsistent with this position. (Vid. The opinion of Story, J., in 2 Grall 499, 500.) Mr. Phillips, in the 2d vol. of his treatise, page 296, says the onus probandi, upon an issue like this, is upon the plaintiff, who ought to prove assets in the possession of the defendant, either before or at the time alleged ; and Starkie ^maintains the same position. (1 Starkie’s Ev. 377; 2 id, 554.)
In Platt v. Robins & Swartwout, (1 John. Cas. 276,) it was held that upon plene administravit, the burthen of proof lay upon the defendant. But what the particular form of the plea or the replication was, does not appear. That case, however, was decided long before Fowler v. Sharp, in which it was, for the first time in this court, established that the *705 allegation, that the defendant had fully administered, was mere surplusage in the plea.
After that decision, I do not see any principle upon which the defendant can be bound to prove the negative allegation, that he had no goods and chattels, &c.
New trial granted.