Oakley J.
The defendant below, was sued as administratrix of her husband: she pleaded non-assumpsit and plene administravit. On the trial the plaintiff contended, that she was bound to produce the inventory, which had been made of the estate, and that she could not offer any proof under her second plea, until she had done so.
The burden of proof under this issue, was clearly on the plaintiff below. The inventory was matter of public record, and might have been produced by him, to charge the defendant with assets; this has been expressly adjudged. [Bently v. Bently, 7 Cow. 701.]
The defendant below offered Henry Vultee, as a witness. He was one of the children of the intestate, and of course, entitled to a distributive share of his personal estate. He was offered to prove the payment of debts by the defendant, in the due course of administration. He was rejected as incompetent.
It seems to be a general principle, that a person cannot be a witness, to increase or to prevent the diminution of a fund, in which he is to participate, and upon this principle I should have considered this witness as incompetent, if called upon to testify generally in the cause. [5 J. R. 258. 1 Mass. 239. 2 Day. *379 466.] Here, however, it is quite apparent, that the witness had no interest in the question, which was proposed to be put to him; for if the plea of plene administravit had been sustained, the plaintiff below, would have had judgment for assets in future. 1 see, therefore, no objection in principle to the competency of the witness, to answer the questions proposed to be put to him. (4 Cranch. R. 69. 4 J. R. 293.]

Judgment reversed.

H. V. Vultee, Att'y for the plff. in error. C. O’Connor, Att'y for deft. in error.