The opinion of the Court was delivered by
Carpenter, J.
The demurrer brings up the question of the-validity, in this State, of the general plea of plene administravii, by an executor. Under our statutes regulating the administration of the estates of deceased persons, and providing a mode by which the real estate may be appropriated for the payment of their debts, when the personal estate is insufficient for that purpose, its validity has been sometimes questioned. The doubt was suggested by the present Chief Justice, in the late case of Howell’s adm’rs v. Pott’s adm’rs, 1 Spencer’s R. 4. But these *482 statutes have been long in force, and notwithstanding these doubts, the plea has, on. all suitable occasions, been pleaded by executors and administrators. Until some new mode of defence be provided by statute, or indicated by the decisions of this court, this plea seems necessary for their protection. If a judgment be obtained against an executor or administrator, in an action, in which he shall have omitted to plead plene administravit or plene administravit prcetetr, such omission' is a confession of assets; and in a second suit, he may be held liable to satisfy the debts and costs, out of his own property. Executors of Barracliff v. adm’rs of Griscom, Coxe 165; Den v. De Hart, 1 Halst. 450; Howell v. Potts, 1 Spencer 1. This doctrine, as is well known, is held in this state to the present day, except in relation to judgments obtained after the estate may have been declared insolvent; and it is of frequent occurrence, that executors or administrators are held liable under such circumstances and on such evidence, in a second suit upon suggestion of a devastavit. This plea is, consequently, still frequently used. Among other cases which may probably be found by search in our reports, it has been used or recognized in those of Bellerjeau v. Kotts, 1 South. 359; The Ordinary v. Robinson, 1 Halst. 196; Speer v. Van Houten, 4 Harr. R. 346.
In New York it is also frequently pleaded ; and if omitted, the same liability may be incurred by an executor or administrator; and this, although they have, in that state, statutes much like our own, in relation to the estates of decedents, and for the appropriation of their real estate when necessary for the payment of debts. The plaintiff’s counsel has referred to the following cases, and it is unnecessary to add others of a similar character to be found in the New York reports. Platt v. Robbins, 1 John. Cas. 276; Nichol v. Smith, 2 Ib. 86. Douglass v. Satterlee, 11 John. R. 16. Tappan v. Kaighn, 12 Ib. 120. Bentley v. Bentley, 7 Cow. 701. The constant practice in relation to this plea, both in this state and in the state of New York, is entitled to much consideration. The plea may not be available under precisely the same circumstances, nor to the same extent, as at common law and in the English courts; but, if good in any case and to any extent, the demurrer must be overruled.
*483 It may aid us to refer to the common law rules of priority, and the practice upon which this plea rests in the English courts. Under this plea, the material and essential part of which is the possession by the defendant of unadministered assets, the burthen of proof in the first place is thrown on the plaintiff. In answer to the proof of assets, the defendant may then show that he has exhausted the assets by discharging other debts of the deceased, not inferior in their nature to that of the plaintiff. Among debts of equal degree, the executor or administrator is allowed to pay himself first by retaining in his hands so much as his debt amounts to. And if no suit is commenced against him, the executor may pay any one creditor in equal degree his whole debt, though he has nothing left for the rest. If, however, he pay in other order than the rules of priority require, such payment can only be shown, as a defence by the executor, to have been made without notice of the higher claim of the preferred creditor. 2 Black. Com. 511; Griff. Law Reg. 1281, note; 2 Phil. Ev. 366, et seq. Fowler v. Sharp, 15 John. 322; Bentley v. Bentley, 7 Cow. 701. The priorities or order of preference at common law, may be shortly stated as follows : 1st. Funeral charges and the expenses of administration, &c. 2d. Debts of record. 3d. Debts by specialty. 4th. Simple contract debts, &c. The executor or administrator, in the payment of debts must observe these rules of priority ; otherwise, on a deficiency of assets, if he pay those of a lower degree first, he must answer those of a higher out of his own estate. It is upon these rules, referred to only in a general way, that the plea of plene adminidravit is pleaded and practised. Varied in its application, but not in the principle upon which it is pleaded, it seems applicable to auy system of priorities or preferences, which the wisdom of the legislature may see fit to introduce.
In the state of New Jersey, we have no distinction of degrpes in the payment of debts, and but few preferences. Preferences however do exist, which though few in number, may be overwhelming in amount. They are, by statute, “ the physician’s bill during the last illness; funeral charges and expenses ; and any judgment or judgments entered of record, against the decedent in his lifetime, and unsatisfied ; all of which shall have *484 preference, and be first paid out of the personal and real estate of the testator or intestate.” Act 12th June 1820, § 2. Rev. L. 766 Elm. D. 169. To these may be added, those of the United States; and doubtless by construction of law, the expenses of administration, which would be allowed first after payment of funeral expenses. Except as these preferences may be prescribed or be lawful, the estate of the decedent, in case it be insufficient to pay all his or her debts, shall be distributed pro rata among the respective creditors, without regard to any distinction of degrees. Further, in this state the executor or administrator will not be allowed to pay himself in preference to any other creditor. He can retain only so as to pay himself pro rata with the other creditors. If he should, as is permissible under the English law, give a preference to one creditor over another by a confession of judgment, such confession would doubtless amount to a devastavit, in respect to other creditors having an equal right in the distribution of the assets.
Thus the provisions of our law, as to the order of payment of debts, are radically different from those of the English law; yet I do not preceive that the principles of pleading, by executors or administrators, are materially altered or infringed. The spirit of the rules that govern administration remain still the same. Although the order of payment is different, yet under the plea of plene administravit, here as in the English courts, the question will still be, whether or not the defendant, in administering the effects of the decedent, and paying his debts, has observed those rules which the law requires. If the defendant has paid out accoi’ding to those rules, all the assets received, — as in the payment of preferred debts, funeral expenses and the expenses of administration ; — then such defendant has fully administered. If he has paid otherwise than those rules allow, then the defendant has not fully administered.
Under this plea at common law, not only might the defendant show the payment of preferred debts, but he might also prove the expenses of administration and show that he had retained money to that amount. Gillies v. Smither Adm’r. 2 Stark. Rep. 528. Why may not this right of retainer be shown in this State under this plea?
*485 An executor must take notice at his peril of debts of record, such as judgments of courts of general jurisdiction and decrees in equity ■ but of other debts, as of specialty debts, &e. there must be actual notice to render him liable de bonis propriis, in case of deficiency of assets by reason of having paid debts in other order than the rules of law require. 2 Stephen’s Nisi Prius 1850. In such case therefore plena admin-istravil must be pleaded with the additional averment, that the executor or administrator had not, at the time when he first had notice of the creditor’s claim or at any time afterwards, any assets to be administered. 3 Chit. Pl. 971. Is not this special plea oí plane administravit, applicable to our law of administration? The statutory bar, would seem to apply only to the case where not only the rale to bar creditors has expired, and the debts of which the executor had notice have been paid, but where also the surplus, if any, has been paid over, and a refunding bond taken and filed. (Act 7th Feb. 1799, § 14. Elm. Dig. 317, pl. 20.) If a claim be first brought to the notice of the executor or administrator, after the expiration of the rule to bar creditors, and after payment of all the assets to creditors, but before a compliance with the provisions of the above statute as to the taking and filing of a refunding bond, — how can he be protected, unless under the plea of plena administravit, pleaded thus specially ?
Is not the creditor bound to bring home to the executor or administrator, notice of his claim, within some time to bo ascertained by a reference to our statutes — (perhaps, if after six months from the death of decedent, within the time limited by rule of the Orphans’ Court) — and in default of such notice, may not such executor or administrator discharge himself by pleading payment to other creditors without notice, &c. ?
It is not necessary to urge these inquiries further. They have been suggested as throwing some light on the question now before the Court.
So far as an argument against the validity of the plea oí plane administravit has been drawn from the liability of lands for the payment of debts, I apprehend that the conclusion does not follow. Lands in this state, have been made liable for the pay *486 ment of the debts of the decedent, in certain modes prescribed by law: but they are not assets. They are not, says Chief Justice Hornblower, “ by force of any statute, in any sense, in the hands of, or subject to, the control of executors or administrators. They are not assets in their hands; but in certain cases they may.be made or converted into assets for the payment of debts, by a decree of the Orphans’ Court.” 1 Spencer 34. “ The personal estate is, and the real estate may be made, assets.” Per Ewing, C. J. 6 Halsted, 7 — 8. These dicta, defining the legal character of real estate before it is affected by the legal proceedings, by which it may be converted into money, are in clear conformity with the statute. Land is not in the hands or subject to the control of, executors or administrators qua executors or administrators. Ry the provision of the statute, it is the money arising from the sale of the real estate of the decedent, received by the executor or administrator, which shall be considered as assets in his hands for the payment of debts. [Act 18th Feb. 1799, § 23. Elm. Dig. 490.) Under our statute, to make them responsible at law to the creditors for- the value of the real estate, -it must first be sold and the money therefor received, and then and then only can it be considered as assets. The liability of lands, for the payment of debts, cannot therefore affect the validity of this plea. When the personal estate has been duly administered and paid away or retained according to our rules of law, then they have, qua executors or administrators, fully administered.
Whether an executor or administrator, in case of deficiency of personal assets to pay debts, may be required or compelled, in any other court or in any other mode, to proceed to the sale of the real estate of a decedent, it is not necessary in the present case to discuss.
I am of opinion that the plea of plane administravit pleaded generally is a good plea, and that the Circuit Court should be advised to overrule this demurrer.
Hornblower, C. J. and Nevius J. concurred. Whitehead and Randolph, J. J. did not hear the argument and expressed no opinion.
Cited in Howell’s Ad. v. Potts’ Ad., Spence. 574; Southard v. Potts, 2 Zab. 283.