WILLIAM E. POTTER *et ux. vs.* JAMES DOLAN, Administrator.

The real estate of a decedent, though charged with the payment of debts to the extent of the insufficiency of the personal estate for their payment, under Pub. Stat. R. I. cap. 189, §§ 1, 2, is not assets in the hands of the administrator, and hence a plea of *plene administravit* need not allege that there was no real estate of the decedent at the time of his death to be administered.

The settlement of a decedent's estate in proceedings under a commission in insolvency may be shown under a plea of *plene administravit;* so that where a plea begins with allegations of such proceedings and that the plaintiff did not present his claim to or have it allowed by the commissioners, or have it settled at common law, and concludes in the usual form of a general plea of *plene administravit*, the prefatory allegations are immaterial, and the plea amounts to no more than a plea of *plene administravit*.

ASSUMPSIT. Certified from the Common Pleas Division on demurrers to the pleas.

*June* 20, 1896. MATTESON, C. J. This is an action of *assumpsit* to which the defendant has filed among others two pleas, numbered respectively 4 and 5, of *plene administravit*, as follows :—

"(4) And for a further plea in this behalf, by like leave, the defendant says, (*actio non*) because he says, that he has not, nor at the time of the commencement of this suit, or at any time since, had any goods or chattels which were of the said Sarah A. Williams, deceased, at the time of her death, in his hands as administrator as aforesaid, to be administered. And this the defendant is ready to verify, wherefore he prays judgment, &c."

"(5) And for a further plea in this behalf, by like leave, the defendant says, (*actio non*), because he says, that after his appointment and qualification as administrator of the estate of said Sarah A. Williams, to wit, on the 22d day of April, 1890, and before the commencement of this suit, said

estate, to wit, on the 13th day of May in the same year, was represented insolvent in the Municipal Court of said Providence—a court exercising probate jurisdiction—which there-afterwards, to wit, on the same day, appointed, on said estate, commissioners in insolvency, who after due proceedings, and at the expiration of six months from said date—the time allowed for proving claims—made their report allowing claims to the amount of, to wit, three hundred and seventy-one and three one-hundredths dollars and no more, which report, to wit, on the 2d day of December in the same year, was accepted, allowed and recorded by said court; and the defendant says that the plaintiffs, or either of them, never presented to, or had allowed by, said commissioners, any claim against said estate, nor ever had any claim against the same settled at common law; and the defendant further says that he has not, nor at the time of the commencement of this suit, or at any time since, had any goods or chattels which were of the said Sarah A. Williams, deceased, at the time of her death, in his hands as administrator as aforesaid to be administered. And this the defendant is ready to verify, wherefore, he prays judgment if the plaintiffs ought to have or maintain their aforesaid action thereof against him, &c."

To these pleas the defendant has demurred : To the fourth, because it does not allege that there was no property of any description either real or personal wherewith to administer on the estate of the deceased and to pay the indebtedness of her estate : To the fifth, because it does not set forth that there was no property either real or personal wherewith to pay any and all charges against the estate, and further that the defendant has made a final settlement with the Probate Court and that no estate remains on such settlement. The defendant has joined in the demurrers, and the case is before us for decision of the questions thus raised.

The fourth plea, and the concluding portion of the fifth which follows the averment that the plaintiffs never presented or had allowed by the commissioners in insolvency any claim against the estate of the decedent, or had any claim

settled at common law are in the usual form of general pleas of *plene administravit*, and are undoubtedly sufficient in so far as personal estate is concerned.　3 Williams on Executors, (7 Amer. ed. by Randolph and Talcott,) 533 ; 2 Saund. Reports, (Abridged), 226 ; *Fowler* v. *Sharpe*, 15 Johns. 323. So that the question is whether it is necessary-that the pleas should allege not only that the defendant had not, nor at the time of the beginning of the suit, or at any time since, had no goods and chattels which were of the decedent at the time of her death in his hands to be administered, but also that there was no real estate which was of the decedent, at the time of her death, out of which payment of the plaintiffs' claim could be made.

Strictly speaking the real estate of a decedent though charged with payment of debts to the extent that the personal estate is insufficient for such payment, (Pub. Stat. R. I. cap. 189, §§ 1, 2,) is not assets in the hands of an administrator.　It does not vest in him on the death of the intestate, as does the personal estate, but descends to the heir.　The administrator has no control over it except in so far as he can obtain leave from the Court of Probate to sell it for the payment of debts or other charges and the expenses of administration.　When it has been sold under the decree of the Court of Probate and converted into money, the *proceeds* may be considered *assets* in the hands of the administrator to the extent that they are needed for the purpose of administration.　*Haines* v. *Price*, 20 N. J. 480, 485.　We are of the opinion, therefore, that the fourth plea is a sufficient plea, though it contains no allegation respecting real estate.

We do not think that the fifth plea is necessary.　The only operative part of it is the concluding portion which, as already stated, is precisely the same as the fourth plea.　The earlier allegations setting forth the appointment of and proceedings before the commissioners in insolvency, and that the plaintiffs had not proved their claim or had it allowed by the commissioners, &c., are wholly immaterial, since the settlement and distribution of the estate, in accordance with the proceedings under the commission in insolvency, may be

shown under the fourth plea. *Haines* v. *Price*, 20 N. J. 480, 481; *Southard* v. *Potts*, 22 N. J. 278, 283; *United States* v. *Hoar*, 2 Mason, 511; *Hickey* v. *Hayter*, 1 Esp. 314; S. C. 6 Term Rep. 384.

This view of the effect of a general plea of *plene administravit* is confirmed by a reference to Pub. Stat. R. I. cap. 189, § 12, in force when the present suit was brought, which provided that the neglect of an administrator to raise money for the purpose of paying debts by selling the real estate, if he could obtain leave for such sale, should be deemed unfaithful administration, and which gave an action on the administrator's bond against the administrator and his sureties to the creditor damnified in consequence of such neglect.

Demurrer to the fourth plea overruled, plea sustained, and case remitted to the Common Pleas Division with direction to strike out the fifth plea and the demurrer thereto.

*Benjamin L. Dennis*, for plaintiff.

*William H. Greene & Patrick J. McCarthy*, for defendant.