NEW-YORK,
Nov. 1809.

BRADSHAW
v.
CALLAGHAN.

---

## BRADSHAW *against* CALLAGHAN.

*A.* died seised of lands, and the heirs proceeded to obtain a partition of the lands under the act; and the widow of *A.* not appearing, judgment passed against her by default; and in the judgment of partition, a reasonable dower was assigned and adjudged to her out of the lands of her husband; and she was adjudged to pay 80 dollars and 96 cents for her proportion of the expenses in making the partition; and the heirs afterwards issued a *fieri facias*, and sold the dower of the widow at auction, to pay the costs so adjudged; it was held, that the proceedings under the act for the partition were null and void, as against the widow's claim for dower; that she was not a tenant, nor did her rights come within the purview of the act; that she was not bound to appear and plead, nor could her rights be affected by the judgment in partition; and that the conduct of the heirs in selling her dower to pay the costs was improper and unwarrantable.

THIS was an action of *dower, unde nihil habet,* &c. of lands of which the husband of the demandant died seised, in *Charlton*, in the county of *Saratoga*. The tenant plead, *ne unque seise*, &c. and subjoined to his plea the following notice :

" Take notice, that the said defendant, on the trial of this cause, pursuant to the statute in such case made and provided, will give in evidence and insist, that the said plaintiff long before the issuing of the original writ had her dower out of the messuages, lands and tenements, which were of *James Bradshaw*, her late husband, deceased, lying in *Charlton*, in the county of *Saratoga ;* and will further give in evidence, that by virtue of an act entitled an act for the partition of lands, passed the 7th of *April*,

1801, partition was made in the term of *August*, 1807, before the justices of the supreme court of judicature of the state of *New-York*, at the city of *Albany*, of the lands and tenements which were of the said *James Bradshaw*, her late husband, deceased, lying in *Charlton*, in the county of *Saratoga*, aforesaid ; and of which the said plaintiff claims her dower, among the heirs of the said *James Bradshaw*, her late husband, deceased, in a plea of partition thereupon made before the justices of the supreme court, between *Patrick Callaghan* and *Ann* his wife, one of the daughters of the said *James Bradshaw*, deceased, plaintiffs, and *William Bradshaw*, *James Bradshaw*, *John Bradshaw*, *John Bradshaw*, jun. the said *Mary Bradshaw*, and *Nancy Crothers*, an infant under the age of twenty-one years, by *Keneth Gordon*, her guardian, defendants ; and will further give in evidence, that in the rendering of the judgment aforesaid, in the plea of partition aforesaid, between the parties aforesaid, the reasonable dower of the said plaintiff was allotted and adjudged by the justices of the said supreme court, to the said plaintiff, as the dower of the said plaintiff, out of the estate of her late husband, *James Bradshaw*, deceased, lying in *Charlton*, in the county of *Saratoga*, aforesaid ; and will further give in evidence, that in the rendering of the judgment aforesaid, in the plea of partition aforesaid, between the parties aforesaid, in the said court, before the said justices, it was further adjudged, that the said plaintiff should pay to the said defendant and *Ann* his wife, eighty dollars and ninety-six cents, as the share and portion of the plaintiff of the costs and charges attending the partition aforesaid, of the lands and tenements of her late husband, *James Bradshaw*, deceased, according to her right in the lands and tenements aforesaid ; and will further give in evidence, that the lands and tenements that were adjudged to the said plaintiff, in the plea of

NEW-YORK,
Nov. 1809.

BRADSHAW
v.
CALLAGHAN.

partition between the parties aforesaid, as the dower of the said plaintiff, have, long before the issuing of the original writ of the said *Mary*, to wit, on the 26th day of *November*, 1808, been sold by virtue of a writ of *fieri facias*, issued out of the said supreme court of judicature, on the judgment of partition, rendered between the parties aforesaid, to satisfy the said defendant and *Ann* his wife, for the part and portion of the costs and charges of the said plaintiffs, adjudged by the justices aforesaid, as the share and portion of the costs and charges of the said plaintiff, attending the partition of the lands and tenements aforesaid ; and will further give in evidence, that the dower of the said plaintiff by virtue of the writ of *fieri facias* aforesaid, upon the judgment in partition between the parties aforesaid, has been exposed to sale by the sheriff of the county of *Saratoga*, at public vendue, to the highest bidder, to satisfy the part and portion of the costs and charges of the said plaintiff, adjudged by the justices aforesaid, as her share of the costs and charges attending the portion of the lands and tenements which were of the said *James Bradshaw*, her late husband, deceased, and that the said defendant purchased the same, for the sum of nineteen dollars, of the money of account of the *United States*, being the highest sum offered for the same."

The cause was tried at the *Saratoga* circuit, the 30th *May*, 1809, before the *chief justice*.

The tenant confessed the *marriage, seisin, and death of the husband*, and offered to give in evidence a record of a *judgment in partition*, made as set forth in the notice, subjoined to the plea between the heirs of the said *James Bradshaw*, the husband of the demandant, of the lands and tenements claimed by the demandant, to which partition the demandant was a party, and the defendant with divers heirs of the said *James Bradshaw*, deceased ; and that *Patrick Callaghan*, the above tenant, and

*Ann* his wife, were the only plaintiffs; and that the demandant in this cause did not appear, and that judgment passed against her by default; and also a *fieri facias*, issued on the judgment in partition aforesaid, against the demandant and the heirs, to satisfy the costs and charges of making the partition according to the respective rights of the parties therein; and also a deed, duly executed by the sheriff of the county of *Saratoga*, for the dower of the demandant, out of the lands and tenements aforesaid, sold by virtue of the *fi. fa.* under the judgment in partition aforesaid. This testimony was objected to by the demandant's counsel, and overruled by the *chief justice*. A verdict was found for the demandant.

The case was submitted to the court, without argument.

*Per Curiam.* The proceedings under the partition act were null and void, as respects the claim of the demandant *for dower.* She was not bound to appear and plead; and her not appearing cannot prejudice her present claim. The judgment in partition could only affect her rights, if any she had, as a *joint-tenant*, *tenant in common*, or in *coparcenary*. Her right of dower did not make her such a tenant; nor did it come within the purview of the act. The subsequent conduct of the heirs, in selling the part assigned as her dower, for the *costs of partition*, has very much the appearance of an attempt to defraud her of her rights. There must be a judgment for the demandant, for the dower and damages recovered by the verdict.

Judgment for the demandant.