ALBANY,
August, 1818.

COLES
v.
COLES.

---※---

MARY COLES, *widow of* S. COLES, *against* S. W. COLES.

IN partition, under the *act for the partition of lands,* passed April 12th, 1813. sess. 36. c. 100. (1 *N. R. L.* 507.) The defendant pleaded *non tenent insimul,* and the cause was tried before Mr. J. *Van Ness,* at the *New-York* sittings, in *June,* 1817.

*Stephen Coles,* deceased, was, in his life time, seised in fee of the premises in question, which, on the 20th of *April,* 1796, he mortgaged to *the Marine Society,* for the payment of 500 dollars, with interest. *S. Coles* and the plaintiff intermarried in 1804. By deed, dated the 15th of *January,* 1813, *S. Coles* conveyed the premises to the defendant, (but the plaintiff did not join in the conveyance,) and died in *April,* 1816. The mortgage to the *Marine Society* was still outstanding, but the interest thereon had been regularly paid, first by *S. Coles,* and afterwards by the defendant. The plaintiff proceeded in this action for the purpose of obtaining her *dower,* and at the trial, a verdict was taken in

Where a person seised of land in fee mortgages it, and afterwards marries, his widow, on his death, is entitled to dower out of the equity of redemption.

Where the husband was seised of the land in severalty, the widow cannot proceed under the *act for the partition of lands,* sess. 36. c. 100. (1 *N. R. L.* 507.) for the purpose of obtaining her dower; nor can she be made a party to a partition among the heirs, devisees, or grantees of her husband.

But it seems that where the husband was seised as joint tenant, or tenant in common of land, the widow, as her right of dower extends only to an undivided part, is a proper party to a partition among the several joint owners.

ALBANY,   her favour, subject to the opinion of the court, on a case
August, 1818.  containing the above facts.

COLES
v.
COLES.       *R. Bogardus*, for the plaintiff.   There can be no doubt,
that a widow has a right of dower, in an equity of redemp-
tion in land mortgaged by her husband before their mar-
riage.   (*Hitchcock* v. *Harrington*, 6 *Johns. Rep.* 290. *Col-
lins* v. *Torrey*, 7 *Johns. Rep.* 278.)

As to this mode of proceeding under the partition act, to
obtain her dower, though under the former act (1 *K. & R.*
513.) of partition, it might not be allowed ; yet in the newly
revised act, passed *April* 12, 1813. (1 *N. R. L.* 507—513.)
there are several sections, in which provision is made for
proceeding in case either party is a tenant in dower, by the
curtesy, or for life ; and in the act passed the 15th of *April*,
1814, (sess. 37. ch. 198.) provision is made for the right of
dower, in case of a sale under the partition act.

*T. A. Emmet*, contra.   This court have not yet gone the
whole length of the doctrine, contrary to the English law,
(*a*) that a widow may be endowed of an equity of redemp-
tion.   It has only been decided, that the tenant claiming
under the heir of the mortgagor was estopped to deny his
*seisin*, or avail himself of the mortgage to defeat the widow's
dower.   [SPENCER, J. In *Runyan* v. *Mersereau*, (11 *Johns.
Rep.* 534.) we held that a mortgage, at law, as well as in
equity, was a mere security for money ; that the mortga-
gee has only a chattel interest, and that the freehold remains
in the mortgagor.]

But there is another and a fatal objection to this action.
Instead of bringing her action for dower, and before any
dower has been assigned to her, the plaintiff proceeds under

---

(*a*) Vide *Dixon* v. *Saville*, 1 *Bro. C. C.* 325—328. But in *Banks* v. *Sutton*, 2 *P.
Wms*. 700. Sir *Joseph Jekyll*, master of the rolls, held, in 1792, that a widow might
be endowed of an equity of redemption, though there was a mortage *in fee* before
marriage. The law in England is, however, taken to be as laid down in *Dixon* v.
*Saville*, (*Cruise's Dig.* tit. 12. ch. 2. s. 12. tit. 15. ch. 3. s. 9, 10. *Powell on
Mortgages*, 718—733.) on the mere technical ground that a mortgage in fee is ana-
logous to a *trust*, of which the wife was no more dowable than she was of a *use* at
common law, before the statute of uses. (*Attorney General* v. *Scott*, *Cases Temp.
Talbot*, 138.)

the act for partition, as if she were a tenant in common. In *Bradshaw* v. *Callaghan*, (5 *Johns. Rep.* 80. *S. C. in Error*, 8 *Johns. Rep.* 558.) the court say that a widow's dower is not within the purview of the partition act ; that she is not a *joint tenant*, or *tenant in common*, or *co-parcener.* Here is a plea of *non tenent insimul* ; and how can the plaintiff make out a tenancy in common ? The plaintiff has no *estate*, until dower has been assigned to her. She has nothing but a mere right ; the heir is seised of the whole estate.

PLATT, J. delivered the opinion of the court. The widow filed her petition under the " act for the partition of lands," to which the defendant pleaded *non tenent insimul.* Upon the trial of that issue, the widow claimed *dower* in the lands described in the petition ; and there was a verdict for the plaintiff, subject, &c.

Upon the evidence stated in the case, two questions were made on the argument :

1st. Whether a widow is entitled to dower when the husband died seized of an equity of redemption only ; having mortgaged the land before marriage ?

2d. Whether dower can be assigned under the act for the partition of lands ?

Upon the first point, I think the decisions in the cases of *Hitchcock* v. *Harrington*, (6 *Johns. Rep.* 290.) and *Collins* v. *Torry*, (7 *Johns. Rep.* 278.) have settled the law in favour of the widow's claim of dower.

On the second point, it was decided in the case of *Bradshaw* v. *Callaghan*, first in this court, (5 *Johns. Rep.*80.,) and afterwards, in the court of errors, (8 *Johns. Rep.* 558.,) that a tenant in dower is neither a *joint tenant*, a *tenant in common*, nor a *coparcener*," and, therefore, not within the purview of the " act for the partition of lands ;" that a partition under that act, among the other tenants, without reference to the right of dower, is valid ; and that her rights cannot be affected by the partition ; nor is she liable for any part of the costs.

Those decisions were made under the act of the 7th of *April*, 1801, (1 *K. & R.* 542.) which was re-enacted the 12th

of *April,* 1813, (1 *N. R. L.* 507.) with the addition of six new sections, to wit, 14, 15, 16, 17, 18, and 19.

The 14th and 15th sections of the new act, it is contended on the part of the plaintiff, have enlarged the purview of the former statutes so as to embrace a tenant in dower. (1 *N. R. L.* 513.)

The legislature in enacting those additional sections, seem to have assumed that, according to the former statute, a tenant in dower might be a party in partition. The new sections do not expressly alter the law in that particular ; but assuming that such a right existed, they make provison for the more convenient and effectual exercise of the right.

The new provisions in the act of the 12th of *April,* 1813, do not, however, alter the law as it was expounded in the case of *Bradshaw* v. *Callaghan.* (8 *Johns. Rep.* 558.) In that case the seisin of the husband was of an entire parcel of land in *severalty,* and the court decided that partition should be of the *whole land* among the heirs or devisees, without making the widow a party, but subject to her claim of dower in the whole.

But suppose the husband seized as *tenant in common,* the right of dower is correspondent ; it can then be in an *undivided share only,* and a partition must be made before the dower can be assigned. May not the widow, having no interest but that of dower, be a necessary party in partition when the object is merely to sever the tenancy in common, in order to have her dower afterwards assigned ? I incline to think she may, and *ought,* to be a party to the partition in the latter case ; and if so, then the 14th section of the act of the 12th of *April,* 1813, must be construed as referring to cases where the seisin of the husband was that of a *tenant in common.* Considering all the statute provisions *in pari materia,* I am of opinion that where the seisin of the husband, as in the present case, was *in severalty ;* the " act for the partition of lands" affords no remedy for *setting* off dower.

The act of the 15th of *April,* 1814, (ch. 198. s. 1.) authorizes a sale of the widow's dower in partition, where the subject is indivisible, &c. provided the widow be made a party to the proceedings ; but this latter act affords no aid

to the plaintiff in the present case. Where the object is *to sell* the real estate under the partition act, the widow may be made a party, and then she is concluded ; but she is not to be made a party in partition for the purpose of *setting off* her dower.

The verdict for the plaintiff ought, therefore, to be set side,and the petition for partition to be dismissed, with costs.

<div align="center">

Judgment accordingly.