TANNER and wife *vs.* NILES and others.

In proceedings for the partition of land, either at law or in equity, it is not necessary, though in most cases it is advisable, to make persons parties who are entitled only to dower in the premises, which has not been admeasured, and which extends to the whole of the premises of which partition is sought.

If the dower extends to the whole of the premises held in common, there is no reason for making the doweress a party, except where a partition of the premises cannot be made without great prejudice to the owners thereof, and a sale therefore becomes necessary; in which case there is a manifest propriety in making her a

party, as the purchaser will hold the land purchased by him, free and discharged from the dower interest; provided the doweress has been made a party.

In that case the doweress is obliged to contribute to the costs; because they are to be paid from the proceeds of the sale, and the residue is to be distributed.

But where an actual partition and division of the land among the joint tenants and tenants in common takes place, the judgment or decree in partition will not affect the tenant, or person having a claim as tenant in dower to the whole premises.

The statute does not, in any case, contemplate a setting off or admeasurement of a dower interest, in a partition suit.

Method of apportioning the costs of a partition suit, among the several parties to such suit.

In Equity. This was a bill for partition. Some time previous to the commencement of the suit, Nathaniel Wallis, jun. died intestate, seised of real estate situated in the county of Steuben, and leaving a widow (Betsey, since married to the defendant Jonathan Niles) and twelve children him surviving. The names of the children were Lucy, the wife of Clark Tanner, (the complainants,) Erastus Wallis, George C. Wallis, Miles Wallis, Nelly the wife of William Gay, Sally Ann the wife of Garret D. Powell, Isabel the wife of Moses S. Bennet, Edward E. Wallis, Eliza Wallis, Nancy Wallis, Joel Wallis and William Wallis. William died intestate and without lawful issue, before the commencement of this suit. The widow and her husband, with all the surviving children except the plaintiff Lucy Tanner, are made defendants. By a decretal order in the cause made before the vice chancellor of the sixth circuit, and bearing date the 11th of February, 1847, the rights and interests of all the parties were declared as follows : 1. That the defendant Betsey Niles was entitled to an estate in dower in the premises of which partition is sought, and also to a life estate in the portion of the premises descended to William Wallis. 2. That the defendant Jonathan Niles, as husband of the said Betsey, was entitled to his marital rights in the share or interest of the said Betsey, and to none other. 3. That each of the eleven surviving children of the said Nathaniel Wallis, jun. deceased was entitled to one equal eleventh part of the said premises, subject to the rights of the said Betsey Niles as above declared ; and that the shares of the following named parties were subject

Tanner *v.* Niles.

to deductions for payments by their ancestor in his lifetime, by way of advancement, viz. The shares of the defendants Erastus Wallis, George C. Wallis and Miles Wallis, of $800 each; the shares of the complainant Lucy Tanner, the defendants Nelly Gay, Sally Powell and Isabel Bennet, of $400 each. By the report of the commissioners appointed in and by the said decretal order, now presented, it appeared that the defendants Erastus Wallis, George C. Wallis and Miles Wallis were respectively excluded from any share in the estate of their father, on the ground that the advancements to them were equal to the amount of their shares in the estate. The commissioners then went on and made an actual division of the premises among the remaining nine parties; first setting off and allotting to Betsey Niles a certain portion in full for her dower as the late widow of Nathaniel Wallis, jun. deceased, and her life estate in the share of her deceased son William Wallis, and then dividing the residue of the lands among the remaining eight children, making deductions for the advancements made to the daughters as above stated.

The only question now presented was upon the apportionment of the costs among the respective parties.

*R. Campbell, Jr.* for the plaintiffs.

*D. B. Prosser,* for the defendants.

WELLES, J. By the revised statutes, (*vol.* 2, *p.* 317, § 1,) it is provided that when several persons shall hold and be in possession of any lands, &c. as joint tenants or as tenants in common, &c. one or more of such persons, being of full age, may apply by petition for a division and partition, &c. Section 6 provides, that " every person having any such interest as aforesaid, whether in possession or otherwise, and every person entitled to dower in such premises, if the same has not been admeasured, may be made a party to such petition." Section 35 declares, that the judgment of the court upon the report of the commissioners shall be binding and conclusive " on all par-

Tanner *v.* Niles.

ties named therein and their legal representatives, who shall, at the time, have any interest in the premises divided, as owners in fee, or as tenants for years, or as entitled to the reversion, remainder or inheritance of such premises, after the termination of any particular estate therein; or who, by any contingency contained in any will or grant, or otherwise, may be, or may become, entitled to any beneficial interest in the premises, or who shall have any interest in any undivided share of the premises, as tenants for years, for life, by the curtesy, or in dower." " § 36. But such judgment and partition shall not affect any tenants, or persons having claims as tenants in dower, by the curtesy or for life, to the whole of the premises which shall be the subject of such partition; nor shall such judgment and partition preclude any person except such as are specified in the last section, from claiming any title to the premises in question, or from controverting the title or interest of the parties, between whom such partition shall have been made."

Upon a careful examination of the above recited provisions of the statute, in connection with other portions of it, I am led to the conclusion that in proceedings for the partition of lands, &c. either at law or in equity, it is not *necessary*, though in most cases it is *advisable*, to make persons parties who are entitled only to dower in the premises, which has not been admeasured, and which extends to the whole of the premises of which partition is sought.

The first section of the act provides for making partition where the lands are held by *joint tenants* and *tenants in common.* Neither of these embrace persons claiming a right of dower. (*Bradshaw* v. *Callaghan,* 5 *John.* 80.) The 6th section, however, provides for making persons entitled to dower only, parties to the suit, where the dower has not been admeasured. But if such dower extends to the whole of the premises held in common, as in the present case, there is no reason for making the person entitled to it a party, except where a partition of the premises cannot be made without great prejudice to the owners thereof, and a sale therefore becomes necessary; in which case there is a manifest propriety in making her a party; as the

Tanner *v.* Niles.

purchaser will hold the land purchased, free and discharged from the dower interest, provided she has been made a party, (§ 51;) and in that case she is obliged to contribute to the costs, because they are to be paid from the proceeds of the sale, and the residue is to be distributed. (§ 54.) But where an actual partition and division of the land among the joint tenants and tenants in common takes place, the judgment will not affect the tenant, or person having a claim as tenant in dower, &c. to the whole premises. (§ 36, *above cited.*) The act, I think, does not in any case contemplate a setting off or admeasurement of a dower interest, in a partition suit. Where the dower interest is in an undivided share of the lands to be divided, it is always proper to make the person having such in- terest a party, as in that case the judgment will be binding upon her, and her interest will be limited to such share when set apart. (§§ 35, 36. *Coles* v. *Coles,* 15 *John.* 319.) In the case last cited, the court held that where the object was to *sell* the real estate under the partition act, the widow might be made a party, and then she would be concluded; but that she was not to be made a party in partition for the purpose of *set- ting off* her dower. I am aware that the case was decided under the act of the 15th of April, 1813, but I am unable to perceive any substantial difference between that act and the revised statutes in this respect.(*a*)

My opinion therefore is, that so far as respects Betsey Niles' interest in dower in the premises in question, she will not be bound or affected by the decree in this case, as that interest ex- tended to the whole premises sought to be divided, and in refer- ence to that interest she is not chargeable with any costs. (*Bradshaw* v. *Callaghan,* 8 *John.* 565.) But as she was also entitled to a life estate in the share of her deceased son William Wallis, as tenant in common with the surviving children and heirs of Nathaniel Wallis, jun. deceased, she should be charged with the payment of one equal ninth part of all the costs in the suit.

(*a*) See the note of the Revisers to the 7th section of the statute.

The defendants Erastus Wallis, George C. Wallis and Miles Wallis ought not to be charged with any of the costs; inasmuch as they receive no portion of the land partitioned. They are made defendants, and have not appeared in the cause. The decree will conclude them, but I think it would be unjust to subject them to the payment of any part of the costs. The decree should be that the costs be apportioned and paid equally between the nine remaining parties to the suit.

Decree accordingly.

