DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM.

### February, 1893.

---

PETER BALEN, Respondent, *v.* EMMA L. JACQUELIN, Appellant, Impleaded with Others.

*Estate in remainder vested at the death of the testator — death of a remainderman during the continuance of the life estate — partition — pleading.*

Where a will gave the testator's wife for her life the "income, rents and profits" of all his real estate, and at and after the decease of his wife devised one-third of all his real estate to each of his two living daughters, and the remaining one-third to the children of his deceased daughter, "to be held, owned and enjoyed by them, respectively, and by their respective heirs and assigns, forever:"

*Held,* that the testater intended that the fee should vest at his death.

That the children of the deceased daughter, as well as the two living daughters, took an absolute remainder which could be transmitted by inheritance, and which would not be divested by death during the period of the precedent life estate.

An allegation in a complaint for partition that the plaintiff and defendants "are seized and possessed of" the land in suit, describing it, is a sufficient allegation of possession on the part of the plaintiff.

An allegation in such a complaint that the defendants have received all the rents, issues and profits from the land in suit, and have neglected and refused to the plaintiff his share, is not an allegation that the defendants claim under a title hostile to the plaintiff.

APPEAL by the defendant, Emma L. Jacquelin, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of

November, 1892, overruling a demurrer to the complaint in an action for partition.

The plaintiff claimed title in the premises in suit as heir-at-law of his daughter, Mary E. Balen, who was a grandchild of Charles L. Stickney, deceased, being a child of Mr. Stickney's deceased daughter, Mary A. Balen, and the question involved was whether the said Mary E. Balen took a vested remainder under her grandfather's will, which, among others, contained the following provisions:

*Third.* I also give, devise and bequeath to my said wife for and during the period of her natural life the net income, rents and profits of all my real estate, excepting so much and such parts thereof as may be sold by my executors under the power and authority for that purpose hereinafter mentioned and expressed; my wife to pay out of such rents and profits to my father's widow, Catharine P. Stickney, the sum of one hundred dollars semi-annually during her lifetime.

*Tenth.* At and after the decease of my said wife, Mary Elizabeth, I give, devise and bequeath to my two daughters Emma L. Jacquelin and Sarah E. Youmans, and to the children of my deceased daughter Mary A. Balen, all the real estate to me belonging, excepting so much and such parts thereof as may be sold by my executors and trustees hereinafter named under the power and authority for that purpose hereinafter mentioned and expressed, and excepting the property known as No. 209 (two hundred and nine) Bowery and No. 3 (three) Rivington street, in the city of New York; that is to say, one-third part thereof to each of my daughters Emma and Sarah, and the remaining third part thereof to the children of my deceased daughter Mary, to be held, owned and enjoyed by them respectively and by their respective heirs and assigns forever.

The ground of the demurrer was that the complaint does not state facts sufficient to constitute a cause of action.

*H. A. Forster*, for the appellant.

*C. F. Bostwick*, for the respondent.

VAN BRUNT, P. J.:

This is an action to partition certain real estate, in which the plaintiff claims to be seized of one-ninth share, as tenant in common,

by inheritance from his deceased daughter, Mary E. Balen; and the question involved in this action is whether the said Mary E. Balen, having died before the determination of a precedent life estate, could transmit, by inheritance, that portion of the estate of which, if she had been living at the termination of the life estate, she would have been entitled to possession. We might very well leave the determination of this question upon this appeal to the grounds stated in the opinion of the court below; but there is one circumstance which seems to indicate, so plainly, the intention of the testator, that, we think, we ought to call attention to the same. It is one of the prevailing principles in the construction of wills, that the intention of the testator is to govern, and, therefore, as no two wills are exactly alike, and the surroundings of testators are always different, the interpretation given to provisions in one will affords but little aid in the construction of the provisions of another will, except so far as certain meanings have been given to certain terms and phrases in particular connections.

By the third clause of the will the testator gave, devised and bequeathed to his wife, for and during the period of her natural life, " the *income, rents and profits* of all my real estate." And by the tenth clause, at and after the decease of his wife, he gave, devised and bequeathed to his two daughters, naming them, and to the children of his deceased daughter, Mary A. Balen, all his real estate, one-third to each of his said two daughters, and the remaining third part thereof to the children of his deceased daughter, to be held, owned and enjoyed by them respectively, and by their respective heirs and assigns forever.

It is to be observed that by the terms of this will, only tne rent, issues and profits of the real estate were devised to the wife of the testator. He, therefore, evidently intended that the fee should be vested in some other person than his wife, even during her life, subject to her right to the rent, income and profits thereof. And in view of the subsequent provisions of the will giving the complete enjoyment of this real estate to the persons named in the tenth clause after the decease of his wife, he evidently intended that such fee should vest at his death in those persons to be held by them respectively, and by their respective heirs and assigns forever.

There evidently was no intention, upon the part of the testator, to defer the complete vesting of the entire title of this real estate beyond his own death, and that he did not intend that the absolute title of any portion of this real estate should be held in abeyance during the lifetime of his wife.    The appellants claim that the devise to the children of his deceased daughter was a devise to a class the extent of which class could only be determined by the death of his wife seems to be contrary to the whole scope of the will.    It is evident that the testator intended by the devise in question to invest the children of his deceased daughter with precisely the same title that he vested in his surviving daughters; and it will not be claimed but what the daughters living at the death of the testator took an absolute remainder, which could be transmitted by conveyance or by inheritance and which would upon death, during the period of the wife's life, be transmitted to his daughters' legal representatives. This being the intention of the testator and there being no indication that he intended that the estate should descend differently, we can see no reason why the plaintiff, upon the death of his daughter, did not take the interest claimed by inheritance.

It is also claimed that the complaint in this action was defective, because there was no sufficient allegation of possession upon the part of the plaintiff.    But we think that the allegations in the ninth clause of the complaint are amply sufficient to meet the requirements of the Code, in that it is alleged that the plaintiff and the defendants are seized and possessed of all those certain lots and pieces of land, etc.    The allegation that the defendants have received all the rents, issues and profits from said real estate and have neglected and refused to the plaintiff his share is no allegation that they claim under a title hostile to the plaintiff.

We, think, therefore, that the judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.