DRYDOCK KNITTING MILLS, INC., Respondent, v. QUEENS MACHINE CORPORATION, Appellant.— Action to recover damages for breach of a written contract by which defendant agreed to build three machines for plaintiff, who agreed to purchase them on certain terms. Defendant appeals from an order denying its motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, or, in the alternative, to direct that the complaint be made more definite and certain, and to strike therefrom certain allegations as irrelevant and redundant. Resettled order modified by striking out the ordering paragraph and by inserting in its place a paragraph providing that defendant's motion, in so far as it seeks a dismissal of the complaint, be denied, and that the motion, in so far as it seeks to have the complaint made more definite and certain and to have struck therefrom the allegations set forth in the notice of motion, be granted. As so modified, the order is affirmed, with ten dollars costs

and disbursements to appellant; the amended complaint to be served within twenty days from the entry of the order hereon. We are of opinion (a) that the complaint states facts sufficient to constitute a cause of action, but (b) that it is not in the form contemplated by relevant provisions of the Civil Practice Act, section 241, and Civil Practice Rule 90, in that it does not contain a plain and concise statement of the material facts upon which plaintiff relies; and while the cause of action is divided into separate paragraphs, numbered consecutively, some of those paragraphs contain more than one allegation. The amended complaint directed to be served (*Tankoos* v. *Conford Realty Co., Inc.*, 248 App. Div. 614, and cases cited) should comply with the requirements of that section and of that rule. The only fraud charged relates to a breach of the contract and not to its inducement or making. The fraudulent breach of a contract does not give rise to an action for fraud. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.) Equitable relief is demanded, but the prayer for relief is not determinative with respect to the character of a cause of action. (*Bloom* v. *Gelb*, 227 App. Div. 619.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.