mination of the zoning board of appeals reinstated and confirmed. In our opinion the evidence is insufficient to establish that the ordinance is unreasonable or that petitioner has been deprived of the beneficial use of its property. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

MILTON C. QUIMBY, Plaintiff, Respondent, v. NEW YORK EDISON Co., Defendant. LEWIS GINSBURG, JOHN F. KAVANAGH and ALBERT WEISS, Trustees under a Certain Deed of Trust, Dated April 9, 1938, as Proposed Intervening Parties Plaintiff, Appellants; C. EVERETT BACON, Coplaintiff, Respondent.— In view of the decision in *Quimby* v. *New York Edison Co.* (*post*, p. 1079), decided herewith, the appeal from the order dated June 3, 1938, is dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

MILTON C. QUIMBY and C. EVERETT BACON, Respondents, v. NEW YORK EDISON Co., Defendant. LEWIS GINSBURG, JOHN F. KAVANAGH and ALBERT WEISS, Trustees under a Certain Deed of Trust, Dated April 9, 1938, as Proposed Intervening Parties Plaintiff, Appellants.— Order dated February 23, 1939, denying petitioner's application to intervene as parties plaintiff in this action, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

JOSEPH L. ROSENBERG and ELIOT HYMAN, Appellants, v. JOSEPH G. DODGE, JOHN L. DODGE and BELL & COMPANY, INC., Respondents.— In an action by plaintiffs, as assignees, to recover commissions alleged to have been earned by their assignor on a proposed sale by the defendants, judgment was rendered in favor of the defendants, dismissing the complaint on the merits, following a trial by the court without a jury. The plaintiffs appeal. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

MARY J. SHERWIN, Appellant, v. MONETTA HOLDING Co., INC., and JOSEPH ARONS, Respondents.— Action in equity to compel defendants to account for an alleged breach of trust in relation to an interest in a certain mortgage owned by the plaintiff. Defendants moved at the trial for judgment on the pleadings and bills of particulars. They also made a motion on the pleadings and bills of particulars and upon a judgment roll in another action between the same parties, which was decided in favor of the defendants, and on which defendants invoked the doctrine of *res judicata*. Defendants' motions were granted and judgment entered dismissing the complaint, on the ground that it was barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48), and also on the ground that the issues tendered were *res judicata*. Judgment for defendants unanimously affirmed, with costs. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Drydock Knitting Mills, Inc.*, v. *Queens Machine Corp.*, 254 App. Div. 568.) Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

HARRY G. SILVERSTEIN, Appellant, v. HARRY W. PERLMAN, Respondent.— Action to recover damages for alleged breach of an alleged oral contract between the parties, whereby the defendant agreed in effect that if he should purchase certain real property in his own name or that of a nominee, the plaintiff, a licensed real estate broker, should resell the same for the defendant at a profit of not less than $10,000, and for his services should receive fifty per cent of the defendant's profit. The defendant pleaded a general denial and affirmative defenses of the Statute of Frauds. At the trial before the court and a jury the complaint was