JAMES MIDDLETON, Respondent, *v.* RALPH H. SIEGEL et al., Copartners under the Name of N. BRANDON & COMPANY, Appellants.

First Department, June 27, 1945.

*Abraham Lillienthal* of counsel (*Gates & Levitt*, attorneys), for appellants.

*Alfred Ekelman* for respondent.

Cohn, J. The action is to recover commissions in the sum of $123,246.70 arising out of a contract of employment between the parties wherein plaintiff was to receive 30% of the profits of the fisheries division of defendants. Four causes of action are pleaded. It is the first of these which is challenged for insufficiency.

This cause of action states that pursuant to the contract, which is annexed to the complaint and which plaintiff alleges he duly performed, defendants sent to plaintiff two " alleged " accountings, copies of which are annexed to the pleading, and that the said accountings contained numerous mathematical errors. Plaintiff then sets forth so-called corrected accountings and alleges that he is entitled to a net credit of $12,979.15, for which sum he asks judgment.

The papers annexed to and made part of the complaint, which plaintiff characterizes as accounts, appear to be nothing but a calculation of the cost of merchandise on hand. Having found what purport to be mathematical errors in computation, he seeks to obtain the benefit thereof to the extent of demanding payment of the amount of credit due plaintiff as computed by him regardless of whether there was actually a profit or

loss during the period involved. There is no statement in this first cause of action that the items therein listed constitute all of the transactions under the contract nor is there any allegation that by reason of all transactions had between the dates set forth, plaintiff has earned a sum of money. The pleading does not allege that the exhibits resulted in an account stated between the parties or that defendants have been estopped thereby. The first cause of action fails to set forth the ultimate and necessary facts on which plaintiff relies, and is therefore insufficient.

The cause of action is also defective in that the greater part of the allegations, which cover some eight pages of the record, are evidentiary and argumentative. Plaintiff has violated the statutory requirement that " Every pleading shall contain a plain and concise statement of the material facts * * * but not the evidence by which they are to be proved." (Civ. Prac. Act, § 241.) The courts have repeatedly condemned pleadings which ignore this fundamental rule. (*Drydock Knitting Mills* v. *Queens Machine Corp.*, 254 App. Div. 568; *Tankoos* v. *Conford Realty Co.*, 248 App. Div. 614; *Isaacs* v. *Washougal Clothing Co., Inc.*, 233 App. Div. 568, 571.)

By an adherence to the quoted rule of pleading, the claim of the plaintiff, if any, can be effectively alleged by a simple statement of the material facts which constitute his cause of action.

The order should be reversed, with $20 costs and disbursements, and the motion granted, with leave to plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.