JULIA SULLIVAN, Plaintiff, *v.* MARY ANDERSON, Defendant.

Supreme Court, Special Term, Queens County, June 26, 1946.

*Morris Marlow* for defendant.

*John P. Gering* for plaintiff.

COLDEN, J. Motion by the defendant to dismiss the complaint for legal insufficiency.

According to the complaint, the parties are sisters. Their aunt, Julia Shea, lived with the plaintiff from 1940 to 1945 pursuant to an agreement under which the plaintiff took care of and furnished said aunt with a home, food and other necessities, in return for the aunt's depositing the sum of $7,500 in a bank account, which was to become the property of the plaintiff upon the death of the aunt; that the plaintiff relied upon such agreement and executed her part thereof *in toto;* that the aunt deposited such funds pursuant to said agreement; and that the defendant knew of said agreement and through her influence and persuasion upon the aunt, induced her to breach the latter's agreement with the plaintiff by removing said funds from the bank, so deposited pursuant to the aforesaid agreement, and placing the funds in the name of the defendant and for her sole benefit. By this action the plaintiff seeks to impress a trust upon the $7,500 fund and direct the defendant to turn the same over to her, and for damages sustained by the plaintiff as the result of the defendant's conduct in inducing the aunt to breach the contract in question.

In construing a complaint upon a motion of this character, the allegations of the pleading are, for the purposes of the motion, assumed to be true. (*Locke* v. *Pembroke,* 280 N. Y. 430.) Every intendment and fair inference is in favor of the pleading. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.) " ' If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.' " (*Condon* v. *Associated Hospital Service,* 287 N. Y. 411, 414.) The fact that the pleading challenged is imperfect in form or terminology does not militate against the sufficiency of the pleading since the substance thereof alone may be considered in determining legal sufficiency. (*Drydock Knitting Mills* v. *Queens Machine Corp.,* 254 App. Div. 568.)

Construing the instant complaint broadly and liberally (Civ. Prac. Act, § 275), in the light of the foregoing rules, this court is of the opinion that it is sufficient as a matter of pleading to charge the defendant with having maliciously interfered, to the plaintiff's damage, with an agreement which existed between the plaintiff and her aunt, since deceased. The basic principles underlying this type of action were succinctly set forth by the Court of Appeals in the following language in *Campbell* v. *Gates* (236 N. Y. 457, 460): " * * * if A has a legal contract with B, either for the rendition of service or any other purpose, and C, having knowledge of the existence thereof, intentionally and knowingly and without reasonable justification

or excuse induces B to break the contract, by reason of which A sustains damage, an action will lie by A against C to recover the same. * * * The action of C is malicious in that with the knowledge of A's rights, he intentionally and knowingly and for unworthy or selfish purposes, destroys them by *inducing* B to break his contract. It is a wrongful act, done intentionally, without just cause or excuse, and from this a malicious motive is to be inferred. This does not necessarily mean actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification. The action is predicated not on the intent to injure, but on the intentional interference, without justification, with A's contractual rights, with knowledge thereof. It is a legal wrong and one who commits it, if damage be sustained, must answer therefor.'' (Italics mine.)

In determining this motion the court has not considered the prayer for relief; " asking for too much does not spoil a complaint; the trial court takes care of that." (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480.)

The motion is accordingly denied with leave to the defendant to serve her answer within ten days of the service of a copy of the order to be entered hereon. Submit order.