Felix J. Aulisi, J.
This is an action for the partition of certain real estate known as Lots 4 and 5 in the Luzerne Tract, town of Luzerne, county of Warren, State of New York.
It is alleged in the complaint that said lots were sold at public sale on behalf of the State of New York by the Surveyor General of the State to Moody Ames and John Gatlin in 1831; that in accordance with the terms of the certificates of sale 25% of the purchase price was paid on each lot and the purchasers’ bonds were given to the State for the payment of the balance of the purchase price; that upon making the down payment and the issuance of said certificates the lands were possessed, occupied and developed by said purchasers and their successors in right, title and interest; that the last individual owner of said lands was William J. Barber to whom the certificates of *390 sale were transferred in 1874, and that he and his family occupied said lands until 1915, when the dwelling house and barns were burned; that the plaintiff has purchased an undivided sixty-six seventy-seconds interest in said lots from the heirs of William J. Barber and that the defendants, Rupert H. Whittemore, Ralph Barber and Harold Barber are the owners of the remaining undivided ownership. The complaint further alleges that the State claims title to said lands by reason of a purported invalid sale of same in 1899, as a result of plaintiff’s predecessors having defaulted in the payment of the purchasers’ bonds given in 1831, and that plaintiff has tendered to the State the amount due on the bonds, plus taxes on the lands paid by the State with interest and penalties thereon and that the State has refused the tender.
The defendant, People of the State of New York, have made three separate motions addressed to the complaint under rules 103, 106 and 107 of the Rules of Civil Practice: the first, for an order under rule 103 striking out paragraph “ Thirteenth ” and the Exhibits A and B made a part thereof and requiring the service of an amended pleading; the second, for an order under rule 106 dismissing the first cause of action in the complaint on the ground that it fails to state facts sufficient to constitute a cause of action for partition and for an order under rule 107 dismissing the said cause of action on the ground that the court does not have jurisdiction of the subject matter; the third, for an order under rule 106 dismissing the second cause of action in the complaint on the ground that it fails to state facts sufficient to constitute a cause of action under article 15 of the Real Property Law, and for an order under rule 107 dismissing the said-cause of action on the ground that it did not accrue within the time limited by law for the commencement of such an action and on the additional ground that the court does not have jurisdiction of the actual subject of the action.
As to the first motion, under our system of jurisprudence the parties to a lawsuit are called upon to litigate definite issues and the pleadings are the medium through which these issues are defined. It is fundamental that the general principle of law is never expressed in a pleading for that is fixed and definite and presumed to be known alike to the parties and to the court. Therefore, it is unnecessary and improper to allege the law in a pleading, for what the law is cannot become a triable issue of fact between the parties, though it may be a matter of argument.
The setting forth of decisions of this or appellate courts, either in the complaint or in exhibits attached to the complaint and made a part thereof by reference, as was done in this case, *391 would be open to the objection that such averment is but the allegation of the conclusion of the pleader that the facts involved in the decided cases were in legal effect the same as those in the case at issue, and the result would be that all the facts involved in those cases would have to be set forth at length. “It is neither necessary to set out the facts on which the decisions were rendered, nor to refer to the cases by title, nor aver when or where reported, if reported ” (Angell v. Van Schaick, 132 N. Y. 187, 192). The defendant correctly contends that since section 241 of the Civil Practice Act requires that “ Every pleading shall contain a plain and concise statement of the material facts * * * but not the evidence by which they are to be proved ’ ’, that paragraph “ Thirteenth ” and Exhibits A and B made a part thereof, do not comply with that requirement in that they are evidentiary and argumentative. Pleadings which ignore this fundamental rule have been repeatedly condemned by the courts (Middleton v. Siegel, 269 App. Div. 491; Drydock Knitting Mills v. Queens Mach. Corp., 254 App. Div. 568; Tankoos v. Conford Realty Co., 248 App. Div. 614).
The defendant’s first motion is granted, without costs, and the plaintiff is directed to serve an amended complaint omitting the foregoing objectionable matter.
The question presented in the second and third motions as to whether the complaint states a good cause of action must necessarily be decided next. A pleading challenged for legal insufficiency must be construed broadly and liberally and with every intendment and fair inference in favor of the pleading. “ If in any aspect upon the facts stated the plaintiff is entitled to recovery, the motion should be denied ” (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432-433).
In the first cause of action of the complaint the plaintiff alleges thát he is “ seized in fee and is entitled as owner to an undivided 66/72 part of the above described premises ” which is described by metes and bounds. The history of the plaintiff’s chain of title is set forth, and certain incidents connected with incomplete tax sales are pleaded. The defendant contends that the first cause of action does not state facts sufficient to constitute a cause of action for partition, the relief requested by the plaintiff. The requirements of the complaint in an action for partition are set forth in rule 245 of the Buies of Civil Practice as follows: ‘ ‘ The complaint in an action for partition must describe the property with reasonable certainty and must specify the rights, shares and interests therein of each of the parties, as far as the same are known to the plaintiff, and also must contain any other allegation required by statute. If a *392 party, or the share, right or interest of a party, be unknown to the plaintiff; or if a share, right or interest be uncertain or contingent; or if the ownership of the inheritance depend upon an executory devise; or if a remainder be contingent, so that the party cannot be named; such facts also must be stated in the complaint. If infants be interested, the complaint shall state whether the parties own any other lands in common.”
If the complaint, as it does here, states a party to be seized, a fee is intended (Lucet v. Beekman, 2 Caines 385). It is sufficient to state, in general terms, that the plaintiff was seized of his part or share in fee (Bradshaw v. Callaghan, 5 Johns. 80). It has been held that an allegation that the plaintiff was seized and possessed is a sufficient allegation of possession in the plaintiff (Balen v. Jacquelin, 67 Hun 311). It would appear unnecessary to allege possession, where the allegations of the complaint show that the plaintiff has the right to bring the action as the owner in fee of an undivided part of the property from which title a right to possession would follow (Manley v. Manley, 61 Misc. 183).
I believe that in this case the plaintiff has complied with the statutory requirements and conclude that the complaint states a cause of action. The action for partition may be regarded as a statutory action, controlled by equitable principles, or an equitable action governed by statute. Since the Supreme Court has general jurisdiction in law and equity, it has jurisdiction in action for partition. The complaint, having stated a cause of action for partition, I find that this court does have jurisdiction of the subject of the first cause of action and the defendant’s second motion is dismissed, without costs.
In his second cause of action the plaintiff seeks to compel the determination of the claim of the People of the State of New York to the real property in question. Again the defendant contends that the complaint does not state facts sufficient to constitute a cause of action. The formal requirements of the complaint in an action brought under article 15 of the Beal Property Law are set forth in section 502 of that law. On the surface it appears to me that the plaintiff has complied with the formal requirements. The defendant does not deny that the form is correct but alleges in an affidavit attached to the notice of motion, that the true cause of action is specific performance. Since no answer has yet been filed and since a pleading attacked for insufficiency should be liberally construed, I find that the complaint states facts sufficient to constitute a cause of action under article 15 of the Beal Property Law.
*393 The defendant’s contention that the plaintiff’s second cause of action did not accrue within the time limited by law for the commencement of such an action presents a problem that this court feels should not be determined on this motion. The courts have held that the Statute of Limitations is a defense to be pleaded, and that as there are many reasons or circumstances under which the statute may be tolled, or questions as to the exact time when the statute started to run, it should be set up as an affirmative defense in the answer (Locke v. Pembroke, 280 N. Y. 430). Even though the allegations in the complaint, if established, show that the plaintiff’s action was timely commenced, this will not prevent a defense by the State upon proof of facts that the prescribed period within which the action must be brought had expired before the commencement thereof (Low v. People, 263 App. Div. 434). In view of the possible interest of the State to the lands in question I do not feel that the matter should be summarily disposed of on motion.
As to the contention that this court does not have jurisdiction of the actual subject of the action, section 508 of the Beal Property Law authorizes maintenance of an action to compel a determination of a claim to realty against the State and the Supreme Court having general jurisdiction in law and equity has jurisdiction to determine the present claim. In view, therefore, of the allegations of the complaint, the statements made in the affidavits and the situation as presented in the record of the title, and this court preferring to have all the facts as they may appear after a trial before it, the defendant’s third motion is dismissed, without costs.
An order may be submitted accordingly.