JOSEPH SHANIK, Appellant, v. HOWARD L. ALLER et al., Respondents, et al., Defendants.— This is a derivative class action brought by a stockholder of defendant American Power & Light Company against it and its officers and directors, and the Electric Bond & Share Company and one of the latter's subsidiaries (Ebasco Services, Incorporated). The complaint alleges three causes of action. In the first (the only one involved on this appeal) it is alleged that the American Power & Light Company is a holding company which controls sixteen operating public utility corporations in various States and that the Bond & Share Company is a holding company which controls American Power & Light Company. It is also alleged that certain servicing contracts made between the sixteen operating companies and two subsidiaries (including Ebasco Services, Incorporated) of Electric Bond & Share Company are unlawful by reason of the failure of American Power & Light Company and Electric Bond & Share Company to register as holding companies in accordance with the Public Utility Holding Company Act of 1935 (U. S. Code, tit. 15, § 79, *et seq.*). Plaintiff therefore seeks to recover from defendants, for the benefit of American Power & Light Company and its stockholders, the moneys paid by the operating companies upon such unlawful contracts. The operating companies have not been joined as parties to this action. They are, however, parties in another action (*Goldstein* v. *Groesbeck*, 142 F. 2d 422, certiorari denied, 323 U. S. 737) now pending in the United States District Court for the Southern District of New York. The latter action is brought by another stockholder of American Power & Light Company for the same relief which plaintiff seeks in the case at bar. The order appealed from, pursuant to rule 106 of the Rules of Civil Practice, dismisses each of the three causes of action on the ground that on the face thereof no cause of action is stated. We are not concerned on this appeal with the second and third causes of action inasmuch as the appeal relating thereto has been withdrawn by order of this court made upon the stipulation of the parties. Order, insofar as it relates to the first cause of action set forth in the complaint, reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss, insofar as it pertains to that cause of action, denied, with ten dollars costs. On a motion of this character it may not be held that the operating subsidiaries of American are indispensable parties. (*Cohen* v. *Dana*, 287 N. Y. 405, 410, 411.) When subsidiaries constitute mere instruments or departments of a parent company, or when the subsidiaries and the parent constitute a single integrated enterprise, or when insistence upon the technical joinder of the subsidiaries as parties would frustrate justice, a court of equity is empowered to disregard the artificiality of the corporate entity of the subsidiaries. (*Blaustein* v. *Pan American Petroleum & Transport Co.*, 293 N. Y. 281, 305, approving Special Term opinion in same case, 174 Misc. 601, 665, 689, 705--706; and disapproving conclusions of law made by Appellate Division, First Department, in same case, 263 App. Div. 97, 115.) It is not disputed that the first cause of action in the case at bar is identical with the

cause of action pleaded in the *Goldstein* action. Therefore, the relief to which all stockholders may be entitled may be had in the *Goldstein* action. If both actions were in the same court, ordinarily they would be consolidated. (*Pollak* v. *Long Island Lighting Co.*, 246 App. Div. 765; *Block* v. *Otis*, 260 App. Div. 1047.) Lacking the power to consolidate, this court, on its own motion, in the interest of justice, will stay the prosecution of this action pending the outcome of the *Goldstein* action. However, the granting of the stay is without prejudice to plaintiff's right to move in this court to vacate the stay upon proof that the *Goldstein* action is not being prosecuted with due diligence and in good faith, or upon proof of other facts which would render the continuance of the stay harmful to plaintiff. Settle order on notice. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.