Isidob, Wassebvogel,
Spec. Bef. Plaintiff seeks a declaratory judgment determining that one American Home Decor, Inc., a domestic corporation, is merely an instrumentality, agent and dummy for the operations of the individual defendants. Plaintiff also seeks to recover from defendants the sum of $1,619.10, representing the amount of a judgment heretofore obtained by it against said corporation.
The record shows that since 1947 defendants, doing business as Modern Artificial Leaf Co., have been engaged in the partnership venture of manufacturing and selling artificial flowers. In or about 1955, these five partners formed a corporation known as American Home Decor, Inc. (hereinafter referred to as “ American ”). On December 6, 1957, a trade acceptance in the sum of $1,500 was accepted by defendant Charles Latino in behalf of American, which, significantly, was described therein as “ Div. of Modern Artificial Leaf Co.” After a trial, plaintiff obtained judgment against American on the trade acceptance in the sum of $1,619.10. No part of said judgment was paid by the corporation and the instant action against the individual defendants was instituted on the ground that they are liable for the debts of their purported corporate alter ego.
The credible testimony and documentary evidence clearly establish that American was completely dominated and controlled by defendants, who used it merely as a convenient instrumentality for the business conducted by them as a partnership. Defendants’ answer admits that the corporation never had a bank account or any other assets of its own. The partnership and American occupied and used the same premises. All orders obtained by American were immediately turned over to the partnership, which then shipped the manufactured goods to the customers. Upon their receipt, all payments made for such goods by these customers, likewise, were turned over to and deposited by the partnership. Moreover, defendants’ own testimony indicates that American never issued any stock, never *331 held any stockholders or directors meetings, never elected officers or directors or caused any tax returns to be filed with appropriate government agencies.
In view of the foregoing, inasmuch as the proof conclusively establishes that American never functioned as a corporation, but, at best, was merely a “ selling division” or agent of defendants, doing business as a partnership, I hold that such control and domination by defendants renders them liable for its obligations (Darling & Co. v. Bowman, 265 N. Y. 622; Quaid v. Ratkowsky, 183 App. Div. 428, 432, affd. 224 N. Y. 624; Shanik v. Aller, 268 App. Div. 1007). The incorporation of American by defendants did not, ipso facto, exempt them as individuals from liability for the enterprises which they, in effect, thereafter continued to carry on, as individuals, independent of the newly created corporation (African Metals Corp. v. Bullowa, 288 N. Y. 78, 85-86).
There is no merit to defendants’ contention that plaintiff may not seek to 1 ‘ pierce the corporate veil” unless it proves a fraudulent intent on their part. Concededly, where control of a corporation is less than that exercised here by defendants over American, the court then is generally remitted to the usual tests of honesty, intent and justice. However, such dominion of American here was so complete that, by the general rules of agency, defendants must be deemed to be the principals of the transaction involving the trade acceptance and their corporate alter ego a mere instrumentality of their partnership business venture. Under these circumstances, the question of fraud is unimportant (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84, 95; Edward Finch Co. v. Robie, 12 F. 2d 360, 362-363; Natelson v. A. B. L. Holding Co., 260 N. Y. 233, 238; P. S. & A. Realties v. Lodge Gate Forest, 205 Misc. 245, 254).
Judgment is rendered in favor of plaintiff against defendants determining that American is their agent, selling division and instrumentality, thereby rendering them liable for its debts and obligations. Judgment is also rendered in favor of plaintiff against defendants for the sum of $1,619.10, with interest thereon from June 4,1958.
No costs are awarded.
Submit decree within 10 days on 3 days ’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act,