ARCHIE MacDOUGAL, Appellant, *v.* BIRDIE Co., INC., et al., Respondents.

CARL F. STOHN, Appellant, *v.* BIRDIE Co., INC., et al., Respondents.

Third Department, December 27, 1963.

*Jerry, Lewis & Harvey (John L. Bell* of counsel), for appellant.

*Andrew W. Ryan, Jr.,* for respondents.

*Per Curiam.* The plaintiffs appeal from judgments and orders which granted the motion of the defendant Arnold Palmer for a dismissal of the complaints for failure of proof at the end of the plaintiffs' case.

The defendants, Birdie Co., Inc., and Arnold Palmer Golf Cart Company, Inc., which replaced the Birdie Co., Inc., being insolvent, the plaintiffs seek to hold Arnold Palmer personally liable for the price of the golf cars.

The plaintiffs' actions in contract are premised on a breach of warranty on the sale of a '' Birdie golf car '' which the defendants allegedly represented '' could be driven under the power of its 100 amp. battery a full 25 holes of golf under normal conditions without recharging ''.

The facts are not contradicted. In the Fall of 1960 Stohn, who was then president of the Plattsburgh Golf and Country

Club, received a communication from the Birdie Co., Inc., which contained three advertisements, one in the form of a letter from the Birdie Co., Inc., addressed "Dear Mr. Golf Club President" and signed by "Arnold Palmer Vice President". Enclosed with the advertisements was an order form. Stohn, wishing to purchase a golf car, sent in the order form accompanied by his check. Subsequently Stohn showed MacDougal, president of the North County Golf Club, the advertisements and MacDougal ordered a golf car. After receiving their golf cars, plaintiffs discovered that they did not take "hills, slopes and roughs like a mountain goat" or "drive a full 25 holes before recharging" as advertised.

It is our determination that plaintiffs have failed to establish a prima facie case.

There is no liability as to Palmer based on contract.

It is well-established law that "where an agency is disclosed and the contract relates to the matter of agency and is within the authority conferred, the agent will not be personally bound unless there be clear and explicit evidence of an intention to substitute or to superadd the personal liability of the agent to that of his principal." (*Voss* v. *John Lowry, Inc.,* 225 App. Div. 507, 511, affd. 252 N. Y. 587; *Hall* v. *Lauderdale,* 46 N. Y. 70; *Keskal* v. *Modrakowski,* 249 N. Y. 406.) The evidence introduced by plaintiffs at trial consists of their testimony of the transactions with defendants and the advertisements. The contract itself and the cancelled checks were not in evidence.

From the exhibits before us, it would appear that applicable thereto is the Restatement of the Law of Agency, Second (1957) at page 373: "§ 157 Instrument in Which Agency Shown Only in One Part * * * In order to prevent himself from becoming a party to the instrument, it is only necessary that the agent should make clear that he is acting solely in a representative capacity for a disclosed principal. If he has made this clear in any portion of the instrument, the fact that it is not equally clear in other parts is immaterial, and it is not necessary that he should constantly appear throughout the instrument to act only as a representative."

Since the advertisements were all sent under the same cover, one cannot be read without the other. As to contractual liability, they establish that defendant Palmer was acting solely in his capacity as vice-president of the Birdie Co., Inc.

There was no personal liability assumed by Palmer.

This phase of the action is unique and not previously decided by the courts of this State. Plaintiffs allege that indicative of assumption of liability is Palmer's signature on the letter

(signed as vice-president) and accompanying advertisements bearing the facsimile of his signature, and rely upon a quote from Corpus Juris Secundum (vol. 77, Sales, § 305, p. 1122): " [A]lthough one who buys from a person selling in an official or a representative capacity ordinarily cannot hold the latter answerable on the grounds of warranty, if such seller assumes to sell the property personally as owner or if he, while selling in his representative or official capacity, personally undertakes to warrant the goods, he is liable to respond to the buyer for the warranties in the sale."

It is further contended that the theory of personal liability is supported by *Dahlstrom* v. *Gemunder* (198 N. Y. 449). The issue of that case was whether the complaint stated a cause of action where the plaintiff alleged a breach of warranty of the quality and make of a violin. In deciding that it did so state, the court said (p. 452): " While ordinarily agents acting for a known and disclosed principal and guilty of no fraud or misrepresentation would not be liable in any such manner as that in which plaintiff seeks to hold defendants in this case, I know of no reason why they may not if they see fit, for a good consideration, make a personal contract of warranty which will be binding and enforceable." However, the merits of the action were not reached or decided.

A reading of the record and examination of the advertisements, including the letter, demonstrate no basis for personal liability. While the plaintiffs stated that the leading (golf) professionals can be relied upon, they unequivocally testified that they knew in this instance that they were doing business with Birdie Co., Inc., of which Palmer was vice-president, and that the order blank—not in evidence—was directed to Birdie Co., Inc.

This record does not sustain any legal basis for a finding of ambiguity as to the contractual relationship between the plaintiffs and Palmer or any direct assumption of personal liability by Palmer.

Giving the plaintiffs the most favorable inferences that may be deduced from the evidence it establishes no more than preliminary inducements accompanied by Palmer's indorsement as vice-president of the company.

The judgments and orders should be affirmed, without costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgments and orders affirmed, without costs.