In the Matter of GUPTILL HOLDING CORPORATION, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent, and UNITED STATES OF AMERICA, Respondent-Appellant.

Third Department, March 2, 1970.

*Carter & Cowboy* (*James S. Carter* of counsel), for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henderson G. Riggs* and *Ruth Kessler Toch* of counsel), for respondent.

*James A. Sullivan, Jr., United States Attorney for Northern District of New York* (*Karl Schmeidler* and *Frank A. Dziduch* of counsel), for respondent-appellant.

HERLIHY, P. J., These are appeals by the petitioner and intervenor from an order of the Supreme Court at Special Term, entered September 19, 1968 in Albany County, which directed that a condemnation award be paid to the respondent State of New York.

In 1956, Charles Guptill formed the petitioner corporation and two other corporations to conduct business interests theretofore pursued by him as an individual. The State in 1958, condemned two tracts of land for highway construction purposes. One tract was owned by the petitioner and the other by Guptill individually. The petitioner filed a claim for damages resulting from the condemnation of both tracts of land in April, 1959. Subsequent to the filing of the claim for damages counsel for the petitioner was advised of the separation in title of the

condemned premises and Guptill in June of 1959 assigned all of his interest in the claim to the petitioner. The Court of Claims initially awarded consequential damages to the petitioner for both the premises owned by Charles Guptill individually and the premises of petitioner as if there were a unity of title. Upon appeal this court reversed (*Guptill Holding Corp.* v. *State of New York,* 20 A D 2d 832) and remanded the case to the trial court for further proof and findings on the issue of a unified title. On remand the trial court found that Charles Guptill had unqualified control over both tracts of land (he was virtually the sole stockholder of the petitioner and solely conducted its business); that there was a unity of ownership; and that there was a common use of the premises (43 Misc 2d 631).

Upon a subsequent appeal we affirmed the award of damages, holding " that it would be contrary to common sense and the rule of just compensation to conclude anything but that the two tracts should be treated as one for the purposes of severance damages in this particular case " (23 A D 2d 434, 437, mot. for lv. to app. den. 16 N Y 2d 484).

Because there were various Federal and State tax liens filed against the award and other encumbrances in excess of the amount of the award, it was deposited in a bank pending a further determination as to the validity and priority of the liens against the petitioner. Subsequently on June 1, 1966, Special Term directed that a certain portion of the award be paid to satisfy attorneys' liens thereon and on June 20, 1966 directed that a further portion thereof be paid to a mortgagee bank. The remaining amount of the award was directed by the order appealed from to be paid to the State in partial satisfaction of its tax lien against Charles Guptill. In determining the validity of the tax lien against the petitioner's award Special Term has held that our prior determination as to unity of ownership (23 A D 2d 434) was a determination that the petitioner corporation " was actually Charles M. Guptill individually ". However, the opinion of this court in that case clearly did not determine any question as to legal identity between the corporation and Charles Guptill individually. (See p. 437.)

Generally, a corporate entity will be disregarded only to prevent fraud or illegality or to achieve equity (*Bartle* v. *Home Owners Co-op.,* 309 N. Y. 103). A corporation may be formed for any legitimate purpose, even to merely escape personal liability (*City Bank Farmers Trust Co.* v. *Macfadden,* 13 A D 2d 395, 402, affd. 12 N Y 2d 1035) or to transact business which if conducted by an individual would violate the usury laws (*Jenkins* v. *Moyse,* 254 N. Y. 319, 324). Incorporations are, how-

ever, subject to " tests of honesty and justice " and will be ignored if a " perversion of the privilege to do business in a corporate form " (*Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472, 489). Also the business incorporated must be conducted by the corporation, not individuals (*Natelson* v. *A. B. L. Holding Co.,* 260 N. Y. 233).

Another factor looked to when piercing the corporate veil is complete dominion and control over the corporation by one individual (*Majestic Factors Corp.* v. *Latino,* 15 Misc 2d 329, app. dsmd. 8 A D 2d 594). In such a situation, the elements necessary to disregard the corporate entity are: (1) complete control of the corporation; (2) use of such control to commit the wrong complained of; and (3) an injury proximately caused by said wrong (*Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144 [1st Dept., 1936], affd. 272 N. Y. 360, rearg. den. 273 N. Y. 584). Such is not the present situation.

There has been neither a showing nor finding of fraud or illegality. As noted, there is nothing illegal in incorporating simply to avoid personal liability. Petitioner was formed well before the condemnation. This negates any inference that it was formed merely as a shell to hold the condemnation award immune from satisfaction of Guptill's personal tax liability. While Guptill clearly had complete dominion and control over the petitioner, this is not the type of case where this control was used to commit a wrong. The only apparent wrong is Guptill's failure to pay his income taxes. There is no proof of anything fraudulent or illegal about petitioner, rather than Guptill individually, bringing the claim for damages.

In the present posture of this proceeding there is no reason for equitable intervention. The governments have not been injured by any act of the corporation or any act of the claimant in regard to his conduct of corporate business. While it might be characterized as inequitable or unjust to permit the apparent corporate alter ego of the individual debtor to retain the balance of the award, the present record does not establish what, if any, rights of creditors of the petitioner corporation and other corporations owned by claimant might be prejudiced. The present proceeding would provide no method by which the court can ascertain the true extent of such equities as are inherent in the holders of liens and judgments against Charles M. Guptill individually. We note that there is no apparent impediment to an attachment or levy upon the ownership interests of Charles Guptill in the petitioner and other corporations.

The order should be reversed, on the law and the facts, with costs to the petitioner-appellant, and case remitted to Special

Term with directions to direct payment of the balance of the award to petitioner without prejudice to such further pro- ceedings as may be initiated by the intervenor and the State of New York.

STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, with costs to the petitioner-appellant, and case remitted to Special Term with directions to direct payment of the balance of the award to petitioner without prejudice to such further proceedings as may be initiated by the intervenor and the State of New York.