ASTROCOM ELECTRONICS, INC., Respondent, v LAFAYETTE RADIO ELECTRONICS CORPORATION, Appellant, et al., Defendant. (Action No. 1.) ASTROCOM ELECTRONICS, INC., Respondent, v LAFAYETTE RADIO ELECTRONICS CORPORATION, Appellant, et al., Defendant. (Action No. 2.)—Appeals from orders of the Supreme Court at Special Term, entered October 12, 1977 in Otsego County, which denied motions by defendant, Lafayette Radio Electronics Corporation, to dismiss the complaints as against it for failure to state a cause of action. In the month of April, 1974, the executive vice-president of Lafayette Radio Electronics Corporation wrote to the president of the plaintiff corporation requesting him to contact the president of the defendant, Unimetrics, Inc., relative to the possibility of a subcontract for marine depth finders. In the month of November, 1974, an arrangement was agreed upon and plaintiff tooled up for production. On February 4, 1975, Unimetrics, Inc., placed an initial order for the depth finder. This order was signed by the executive vice-president of the defendant, Lafayette Radio Electronics Corporation. The facts as to what transpired thereafter are a little confusing, but it appears that the purchase orders or agreement may have thereafter been modified with regard to purchase price and reimbursement of the plaintiff for tooling. In any event, quantities of depth finders were delivered. Some proved defective, and plaintiff was not paid the entire amount of its billings, which resulted in the commencement of these actions. The defendant, Lafayette Radio Electronics Corporation, then moved to dismiss these actions against it on the ground that all of the alleged agreements with the plaintiff set forth in the complaint were made with the defendant, Unimetrics, Inc., and defendant, Lafayette Radio Electronics Corporation, was not involved in the agreement with the plaintiff. The affidavits submitted by plaintiff in opposition to the motion stated that the

original agreement was signed by the executive vice-president of Lafayette Radio Electronics Corporation; that all purchase orders had to be processed and approved by it; that all checks written by Unimetrics had to be countersigned by an officer of Lafayette Radio; that Unimetrics merged offices, warehousing, service, employees and switchboards with Lafayette Radio; and Unimetrics was in the process of being merged into Lafayette Radio, or being left as a corporate shell with no assets. It was further asserted that Lafayette Radio should be liable for the bills of Unimetrics, since Unimetrics was the alter ego of Lafayette Radio. Special Term denied the motions to dismiss without an opinion. The complaints predicate the liability of Lafayette Radio Electronics Corporation upon allegations that Unimetrics, Inc., is wholly owned and controlled by Lafayette Radio Electronics Corporation which "has, for some period of time, the exact dates of which are unknown to plaintiff, been directly operating Unimetrics, Inc., including all purchasing and handling accounts receivable and payable". On these appeals, defendant, Lafayette Radio Electronics Corporation, contends that it may not be held liable on a contract to which it is not a party, and the separate corporate existence of the two defendants may not be disregarded. A parent corporation may not be held liable for the wrongs of its subsidiary solely upon stock ownership *(Berkey v Third Ave. Ry. Co.,* 244 NY 84). A corporation may, however, become an actor in a given transaction, or in part of a business, or in the whole business of a subsidiary corporation, and when it has, will be legally responsible *(Kingston Dry Dock Co. v Lake Champlain Transp. Co.,* 31 F2d 265). A subsidiary corporation over which the parent corporation exercises a very considerable amount of control in everyday operations may be considered an instrumentality or agent of the parent corporation *(Rapid Tr. Subway Constr. Co. v City of New York,* 259 NY 472). Ordinarily, the separate identities of corporations cannot be disregarded, but courts do have the authority to look beyond the corporate form when necessary to prevent fraud or to achieve equity. When a parent corporation uses a subsidiary corporation for the transaction of the parent's business, as distinct from the subsidiary's business, the parent may be held liable for the acts of the subsidiary in accordance with the general principles of agency. The determinative factor is whether the subsidiary corporation is a dummy for the parent corporation *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). The undisputed facts presented in the opposing affidavits herein present an issue of fact as to whether Unimetrics, Inc., was an instrumentality or an agent of Lafayette Radio Electronics Corporation in this transaction, which issue should be resolved upon the trial of the action. Orders affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.