### ENGLAND STROHL/DENIGRIS, INC., Plaintiff,

v.

Michael D. WEINER, individually, Sherry Wolf, individually and Michael D. Weiner and Sherry Wolf doing business under the style and name Weiner Publishing Company, and William Murcko, individually and doing business under the style and name 1000 Graphics, Defendants.

No. 81 Civ. 2791 (KTD).

United States District Court, S. D. New York.

April 8, 1982.

Friedman, Leeds & Shorenstein, New York City, for plaintiff.

Clark, Wulf & Levine, New York City, for defendants; Melvin L. Wulf, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this diversity case plaintiff England Strohl/Denigris, Inc. ("ESD"), a New York public relations firm, brings an action alleging breach of contract, fraud, tortious interference with plaintiff's business relations, *prima facie* tort and defamation against defendants Michael D. Weiner and Sherry Wolf individually and together doing business under the name of Weiner Publishing, Inc. and William Murcko, individually and doing business under the corporate name of 1000 Graphics. Weiner Publishing, Inc., is a Michigan corporation in the business of publishing, producing and distributing art works. Mr. Weiner is President of Weiner Publishing, Ms. Wolf is Secretary-Treasurer and Mr. Murcko is Vice-President. Mr. Murcko is also the President of 1000 Graphics, a Michigan advertising business.

This action arises out of a letter-contract, dated February 20, 1981, and signed by "Mr. Michael Weiner, President" for "Weiner Publishing Company" on February 24, 1981. The agreement was prepared by the plaintiff. It provided for the retention of ESD as a public relations consultant for Weiner Publishing Company for a period of nine months, commencing March 1, 1981. The agreement provided for payment of a monthly fee of $5,000 to ESD and for reimbursement of other ESD expenditures. It expressly indicated, however, that Weiner Publishing's prior approval was required on expenses over $200. In return, ESD agreed to undertake an advertising campaign of the art works of Sherry Wolf.

After the contract was entered into, several meetings were held between the parties to discuss the publicity campaign. Other activities, including a gallery search, a photo-shoot session of Sherry Wolf, and a publicity gala during the defendants' recent trip to London, England, were also allegedly undertaken by ESD as part of this campaign. On April 22, 1981, Michael Weiner wrote a personal check to ESD in the amount of $5,000. When Mr. Weiner received plaintiff's invoice, listing a series of expenditures totalling $68,412, he quickly stopped payment on the check. Immediately thereafter he sent a mailgram notifying ESD of the termination of its contract due to ESD's failure to obtain prior approval of the expenditures. ESD alleges that all of the terms and conditions of the agreement, including the obtaining of the required advance approvals, were complied with and, thus, the defendant's action constitutes breach of contract.

In addition to its action in breach of contract against Weiner Publishing, Inc., the plaintiff alleges that Michael Weiner orally made personal assurances that the corporation would pay any debt incurred on its behalf. The plaintiff further alleges that it relied upon such an assurance, as well as upon fraudulent misrepresentations made by defendant Murcko, in entering into the agreement. The plaintiff also avers that the conduct of the defendants in a recent trip to London was so embarrassing to ESD that its business reputation in England was damaged.

In response to plaintiff's allegations the defendants claim that the parties contemplated that the required approval of items in excess of $200 be in writing. In any event, defendants deny that approval of any type was ever given to ESD and disclaim knowledge as to many of the itemized expenditures on the plaintiff's invoice. Moreover, the defendants also deny the allegation that a personal guarantee by Michael Weiner for corporate indebtedness was ever made to ESD.

**614**

Weiner Publishing, Inc. filed a compulsory counterclaim alleging that it relied upon the fraudulent representations made by ESD's officers and employees concerning their skill and experience to act as its public relations consultant. The defendant contends that the plaintiff's unwillingness and inability to carry out its obligations under the contract has resulted in damages in the amount of $500,000. In response, the plaintiff has filed a belated reply and affidavit, castigating the counterclaim as deficiently pleaded and retaliatory in nature.

At this time both plaintiff and defendants make various motions. The plaintiff moves for summary judgment against the defendants, to dismiss the counterclaim; or in the alternative, to enlarge the time within which plaintiff may reply. The defendant in turn moves to dismiss the main action and to strike plaintiff's answer to the counterclaim on the grounds that it was filed late without leave of court.

■ Rule 56(c) of the Fed.R.Civ.P. authorizes this court to grant a motion for summary judgment where the moving party demonstrates the absence of a material factual issue. *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975). Summary judgment is a procedural device used by the courts to quickly dispose of meritless claims. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). In considering a motion for summary judgment the court must resolve all ambiguities and draw all inferences in favor of the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654–55, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ In the instant case the written agreement between the parties provided that "[all] items in excess of $200 will be approved ... in advance." Exh. A, attached to Defendant's Notice of Motion. The parties disagree as to the particular type of approval contemplated at the time the agreement was signed. The plaintiff alleges that oral approval was sufficient, while the defendants contend that advance written approval was required. Further-more, the plaintiff alleges and the defendants deny, that oral approval was received before each expenditure was incurred. The apparent divergence in accounts presents a material factual issue to be decided by a trier of fact. It has been held that "[w]here contractual language is susceptible of at least two fairly reasonable interpretations, this presents a triable issue of fact and summary judgment would be improper." *Heyman v. Commerce and Industry Ins. Co., supra,* 524 F.2d at 1320; *see Aetna Casualty and Surety Co. v. Giesow,* 412 F.2d 468, 471 (2d Cir. 1969).

Although the letter-contract of February 20, 1981 was clearly intended to bind Weiner Publishing, the plaintiff also brings actions against the officers of the corporation in their individual capacity. ESD alleges that in entering into the agreement it relied upon Michael Weiner's personal guarantee of payment, and misrepresentations made by William Murcko as to the reputation of Weiner, Wolf, and Weiner Publishing.

■ It is well settled that an officer of a corporation will not be held liable for corporate debts except in rare instances. *See MacDougal v. Birdie Co., Inc.,* 20 A.D.2d 175, 176, 245 N.Y.S.2d 460, 461 (3d Dep't 1963). New York law requires that a "special promise to answer for the debt, default or miscarriage of another" be in writing. N.Y.Gen.Oblig. § 5–701(a)(2). To the extent that Michael Weiner's alleged personal guarantee was not in writing such a claim is barred by the Statute of Frauds. It is also clear that to pierce the corporate veil, and thus incur the personal liability of its officers, the corporate form must be found to be nothing more than a mere shell dominated and controlled by the individuals to carry on their own personal business. *See Astrocom Electronics v. Lafayette Radio,* 63 A.D.2d 765, 766, 404 N.Y.S.2d 742, 744 (3d Dep't 1978); *Guptill Holding Corp. v. State,* 33 A.D.2d 362, 365, 307 N.Y.S.2d 970, 973 (3d Dep't), *aff'd,* 31 N.Y.2d 897, 340 N.Y.S.2d 638, 292 N.E.2d 782 (1970).

■ Although this limitation on liability does not absolutely shield agents of the

corporation from liability in fraud, *Abrams v. Allen*, 297 N.Y. 52, 55–56, 74 N.E.2d 305, 306–07 (1947), an action for fraud cannot be based upon an oral promise void under the Statute of Frauds. *Subirana v. Munds*, 282 N.Y. 726, 727, 26 N.E.2d 828, 828 (1940); *Dung v. Parker*, 52 N.Y. 494, 496–97 (1873).

For the above reasons the motion for partial summary judgment is granted dismissing the claims against Michael D. Weiner, Sherry Wolf, William Murcko and 1000 Graphics. The only proper defendant in this lawsuit is Weiner Publishing Incorporated.[1]

Another issue to be addressed by the court is the sufficiency of the defendant's counterclaim. Weiner Publishing alleges that it relied to its detriment upon the false and fraudulent representations made by plaintiff's officers and employees concerning ESD's ability to act as a public relations consultant. The defendant alleges that it incurred $500,000 in damages because the plaintiff was unwilling and unable to carry out its contract.

■ A fraudulent breach of contract is not the basis for a cause of action in fraud. Where the only claim of fraud that is charged concerns a breach of contract and not inducement to enter the contract, an action for fraud is not properly alleged. *Drydock Knitting Mills v. Queens Mach. Corp.*, 254 App.Div. 568, 569, 2 N.Y.S.2d 717, 718 (2d Dep't 1938). The defendant's counterclaim must therefore be dismissed.

In sum, the motion for summary judgment is granted as to all defendants except Weiner Publishing, Inc., and defendant's counterclaim is dismissed.

SO ORDERED.

---

**1.** To the extent that the plaintiff has incorrectly stated the name of the defendant as Weiner Publishing Company it is given leave to amend its complaint pursuant to Rule 15 Fed.R.Civ.P. *See Wealden Corp. v. Schwey*, 482 F.2d 550, 552 (5th Cir. 1973).