■ TRENGA REALTY, Respondent, v ALEX TISEO, as President of Wedgewood Homes, Inc., et al., Defendants, and ALEX TISEO, Individually, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 15, 1985 in Schoharie County, which, *inter alia,* denied defendant Alex Tiseo's motion for summary judgment dismissing the complaint as to him individually.

On October 31, 1983, plaintiff commenced this action to recover broker's commissions against defendant Alex Tiseo, individually and as president of Wedgewood Homes, Inc., and Tudor Pines, Inc. The complaint alleges that defendants employed plaintiff to obtain a purchaser for three separate parcels of realty located on Route 7 in the hamlet of Central Bridge in Schoharie County. It is further alleged that plaintiff obtained a purchaser who entered into a contract with defendants to purchase the properties for $135,000. When, after demand, plaintiff's broker's commissions of $22,300 remained unpaid, this action was commenced. After issue was joined and discovery was completed, defendants moved for summary judgment dismissing the complaint. The motion was denied by Special Term. This appeal by Tiseo, individually, ensued.

We reverse. There is no evidence in this record indicating that Tiseo assumed personal responsibility for paying plaintiff's commissions. Each of the three contracts to sell specifically states that the owner of the property is either Wedgewood Homes or Tudor Pines. All three contracts were signed by Tiseo in his capacity as an officer of the respective corporations. When there is a principal-agent relationship and a contract relates to a matter within the agency relationship, the agent will not be personally bound unless there is clear and explicit evidence that the agent intended to substitute his personal liability for that of his principal or that fraud is involved *(Capellino Abattoir, Inc. v Lieberman,* 59 AD2d 986). No such evidence is present here.

Next, despite plaintiff's assertions to the contrary, the organization of a corporation for the avowed purpose of avoiding personal liability does not constitute fraud. It is widely held that a corporation may be organized for the very purpose of avoiding personal liability provided the corporation really

exists and is doing business as permitted by law *(see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656-657).

Finally, we hold that plaintiff's contention that Tiseo should be held personally liable for the payment of the broker's commissions because he acted fraudulently is without merit. Plaintiffs' second cause of action, denominated as an action based on fraud, alleges that Tiseo made false representations when he promised to pay the commissions and failed to do so. A cause of action for either misrepresentation or fraud requires that there be a false representation of a material fact and a present intention to deceive *(see, Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778), neither of which has been alleged by plaintiff. Thus, the second cause of action is essentially grounded in contract, not fraud.

Order modified, on the law, with costs, by reversing so much thereof as denied defendant Alex Tiseo's motion for summary judgment dismissing the complaint as against him individually; complaint dismissed as to said defendant; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.