■ In the Matter of the Estate of ALLEN G. GIFFORD, Deceased. GEORGE GIFFORD, as Executor of ALLEN G. GIFFORD, Deceased, Respondent; PAUL GIFFORD et al., Appellants.—Mahoney, P. J. Appeal from an order of the Surrogate's Court of Washington County (Leary, S.), entered May 28, 1987, which denied objections to petitioner's accounting of decedent's estate.

Gifford Construction Company was a closely held, family-owned company which had been incorporated in 1910. The corporate records reveal that minutes of the board of directors meetings have not been recorded since 1958. Petitioner, George Gifford, became a board member and treasurer of the company in 1951. In 1977, when petitioner's father could no longer continue as president, the board members, consisting of petitioner, his father and his mother, voted to elect petitioner as president of the company. Although the company's certificate of incorporation required the board to contain between three and five members, petitioner and his mother were the only board members following the death of petitioner's father.

In July 1981, Union National Bank issued a cashier's check in the amount of $75,000 payable to decedent, Allen G. Gifford, who was petitioner's uncle. Decedent endorsed the check in blank and gave the check to petitioner. Petitioner

testified that he endorsed the check with the company's deposit stamp, which stated "PAY TO THE ORDER OF BANK OF SMITHTOWN GIFFORD CONSTRUCTION COMPANY 023 042412 9", and deposited the check into the company's bank account. Upon his receipt of the check, petitioner executed a promissory note which promised to pay to decedent on demand the amount of $75,000 with 15.606% interest per annum. The note was signed "George H. Gifford, Jr., Pres., Gifford Construction Company". Petitioner filled in the note so that it stated *"we promise to pay"* (emphasis supplied).

In 1982, Barclays American Business Credit, Inc., the company's creditor in the amount of $850,000, foreclosed on all of the company's assets. In November 1984, decedent died, leaving a will which appointed petitioner as executor of his estate. Petitioner rendered an accounting and petitioned for judicial settlement of decedent's accounts. Respondents, residuary legatees in decedent's will, filed objections to the account as rendered by petitioner. Respondents' specific objection is that the note held by decedent is not a corporate obligation of the company, which has no cash value due to the depletion of its assets. Respondents argue that the note is petitioner's obligation which would increase the cash value of decedent's estate by approximately $133,525. After a hearing, Surrogate's Court denied the objections to the account and ordered petitioner to file a final accounting of decedent's estate. The court specifically determined that the note was a corporate note and that petitioner had the capacity to sign the note for the company. This appeal by respondents ensued.

We hold that the record supports Surrogate's Court's conclusion that at the time of the transaction with decedent, the company was conducting business as a corporation with petitioner serving as president. The company was incorporated in 1910 and no corporate dissolution has been filed with the Secretary of State. While it cannot be denied that the company was operated in a very informal manner, with less board members than required in the company's certificate of incorporation, the record does contain a 1977 banking resolution certifying that petitioner had been duly elected president. There is also ample proof in the record that the company conducted its business until the foreclosure by Barclays in 1982. Further, respondents' proof that the company had failed to pay the corporate franchise tax for the year 1981 and thereafter is not evidence that petitioner did not operate the company as a corporation, but only that the State became the company's creditor in 1982 when the taxes were not paid.

In considering petitioner's alleged liability in this corporate setting, it is well settled that an individual who signs a corporate contract and indicates the name of the corporation and the nature of his representative capacity on the contract is generally not subject to personal liability *(see, Gold v Royal Cigar Co.,* 105 AD2d 831, 832; 15 NY Jur 2d, Business Relationships, § 1024, at 285-286). A corporate agent who signs a contract within the authority of his official capacity "will not be personally bound unless there is clear and explicit evidence that the agent intended to substitute his personal liability for that of his principal or that fraud is involved" *(Trenga Realty v Tiseo,* 117 AD2d 951).

Here, it is uncontested that decedent gave petitioner a $75,000 check, endorsed in blank, which petitioner stamped with the company's deposit slip and deposited in the company's bank account. The proceeds of the loan were used solely for business purposes. In exchange for the check, petitioner filled out a note declaring that "we" promise to pay decedent $75,000 on demand, an obvious reference to the corporation *(see,* 15 NY Jur 2d, Business Relationships, § 1024, at 286). In our view, these undisputed facts constitute sufficient evidence that the parties intended the note to be an obligation of the company and not the personal obligation of petitioner.

Finally, the record does not contain any allegations that petitioner misled decedent as to the creditworthiness of the company. It further appears that petitioner respected the corporate form to the extent that he maintained his own interests and did not commingle corporate funds and assets with his own. The mere fact that the corporation's management was controlled by an officer or controlling shareholder is, by itself, insufficient evidence to warrant piercing the corporate veil so as to impose personal liability on the shareholder *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163; *Bonanni v Straight Arrow Publishers,* 133 AD2d 585, 587; *Weis v Selected Meat Packers,* 91 AD2d 1085, 1086).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.