■ RALPH F. BOWLES, Individually and as Executor of LUCRETIA BOWLES, Deceased, Appellant, v LEONARD ERRICO, Individually and Doing Business as PRUDENTIAL VAN & STORAGE COMPANY OF AMERICA and Others, Respondents.—Harvey, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered September 20, 1989 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This action is the third lawsuit commenced by plaintiff to recover damages for his spouse's injuries and death occurring as a result of a motor vehicle accident on June 16, 1985. On that day, the station wagon automobile in which plaintiff's decedent was driving was struck from behind by an out-of-

control furniture moving truck owned by Prudential Van Lines, Inc. (hereinafter Prudential) and operated by Pedro Heredia. Plaintiff thereafter commenced suit against Heredia and Prudential, whom plaintiff named as Heredia's employer. Both defendants defaulted in this action and, following an inquest for damages, plaintiff was ultimately granted judgment by default for an amount over $400,000. That judgment was not satisfied. Consequently plaintiff commenced a direct action against Prudential's insurance carrier. In that case, judgment was entered against the carrier in the amount of the policy limit, $100,000, plus interest, and this judgment was apparently fully satisfied.

Thereafter, plaintiff allegedly discovered that Prudential's truck was apparently the only asset of that corporation and that the furniture moving operation headquartered at Prudential's business address appeared to be operated by an entity known as Prudential Van & Storage Company of America, a name under which defendant, Prudential's president, was also conducting business. As a result, plaintiff then commenced a wrongful death action against defendant* claiming now that defendant, not Prudential, was Heredia's true employer. After initially defaulting in this action, defendant successfully moved to open the default judgment and was permitted to answer and defend the action. Following defendant's examination before trial, defendant moved for summary judgment dismissing the complaint arguing that judgment should be granted to him as a matter of law because Heredia was Prudential's employee and no triable issues were presented which would indicate that Prudential was a sham corporation as alleged by plaintiff. Additionally, defendant argued that plaintiff should be judicially estopped from contradicting his earlier representation that Prudential was Heredia's employer. Supreme Court granted defendant's motion and plaintiff appeals.

The complaint was properly dismissed. The crux of plaintiff's lawsuit is his contention that Heredia was actually not employed by Prudential but rather was an employee of defendant. Plaintiff alleges that Prudential was merely a hollow corporate front behind which defendant impermissibly hid to escape personal liability and that Prudential was only an alter ego of defendant. However, in our view, plaintiff has failed in his burden of establishing a basis for disregarding the corpo-

---

* Although another individual was originally named as a defendant, the action was apparently discontinued against him.

rate form in this instance *(see,* 13 NY Jur 2d, Business Relationships, § 26, at 288). The law is well settled that a business can lawfully be incorporated for the very purpose of enabling its proprietors to escape personal liability *(see, Walkovszky v Carlton,* 18 NY2d 414, 417). Generally, a corporate entity will be disregarded only to prevent fraud, illegality or to achieve equity *(Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, 364, *affd* 31 NY2d 897). This holds true even when the corporation is controlled by a single shareholder *(see, Matter of Gifford,* 144 AD2d 742; *Weis v Selected Meat Packers,* 91 AD2d 1085). Where one individual appears to exercise complete dominion and control, the factors to be examined in determining whether to pierce the corporate veil are: "(1) domination and control over corporation by those held liable which is so complete that the corporation has no separate mind, will, or existence of its own; (2) use of this domination and control to commit fraud or wrong or any other dishonest or unjust act; and (3) injury or unjust loss resulting to plaintiff from said control and wrong" (13 NY Jur 2d, Business Relationships, § 26, at 289; *see, Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, 365, *supra).*

Here, nothing fraudulent or illegal about Prudential has been alleged, nor has it been shown that defendant used his control of the company to commit any wrongdoing. Plaintiff's conclusory allegations that Prudential is a sham corporation formed to further defendant's own business rather than Prudential's are not borne out by the record. Prudential was incorporated well before the subject accident, thus negating any inference that it was formed for the purpose of avoiding liability for this accident *(see, Matter of Guptill Holding Corp. v State of New York, supra,* at 365). The corporate form may not be disregarded merely because the assets of the corporation and the insurance covering a motor vehicle owned by it are insufficient to assure a potential plaintiff of the recovery sought *(see, Walkovszky v Carlton,* 18 NY2d 414, 419, *supra).* Prudential was unquestionably the owner of the truck and the record establishes that Heredia was transporting furniture that day pursuant to a contract between Prudential and Janice Abraham. A letter from Abraham acknowledges that payment was due to Prudential. Only Prudential, not defendant, owned operating rights for the route undertaken by Heredia; therefore, defendant could not have undertaken this job in his personal capacity or in his corporate capacity as Prudential Van & Storage Company since the latter entity had no authority to haul commodities outside the metropoli-

tan New York area. The record establishes that Prudential held Interstate Commerce Commission operating rights, filed corporate tax returns and maintained a bank account. Other than sheer speculation, plaintiff has made no showing that defendant made personal use of corporate funds. Mere allegations that the business was conducted informally are insufficient to pierce the corporate veil (see, Matter of Gifford, 144 AD2d 742, supra). From the information on the record and defendant's deposition, it appears that Prudential was incorporated to handle matters outside the immediate New York City area. Therefore, it is not as surprising as plaintiff states that no listing for Prudential appeared in the local telephone book.

Under these circumstances we fail to find triable issues sufficient to defeat a motion for summary judgment. Accordingly, the order and judgment must be affirmed. Due to our resolution of the foregoing issue, it is unnecessary to reach the question of whether plaintiff should have been judicially estopped from naming defendant as Heredia's employer.

Order and judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.