■ New York Association for Retarded Children, Inc., Montgomery County Chapter, Doing Business as Liberty Enterprises, Respondent, v George Keator, Individually and Doing Business as Eyetronics, Appellant. [606 NYS2d 784] — Mahoney, J. Appeal from an amended judgment of the Supreme Court (Best, J.) in favor of plaintiff, entered July 29, 1992 in Montgomery County, upon a decision of the court, without a jury.

In 1982 defendant, Karl Huber, Stewart Dean and other investors purchased the technology for a product known as a coloreader, a device designed to assist those with impaired sight to read printed matter. Shortly thereafter, they formed a corporation known as Eyetronics Inc., applied for a patent and set about marketing the devices and locating someone to manufacture them. To this end, defendant entered into negotiations with Ray Lucynski, a representative of plaintiff. Negotiations ultimately concluded in the formulation of a contract between Eyetronics and plaintiff whereby the latter agreed to

manufacture 50 coloreaders at a cost of $726.26 apiece. While Eyetronics made a $2,000 down payment and paid the balance due on some of the coloreaders, during the manufacturing process it began to experience financial difficulties primarily due to the death of Huber, one of Eyetronics' principal investors, and was unable to make payment in full for the coloreaders actually manufactured.

Claiming unawareness that Eyetronics was a corporation, plaintiff then commenced the instant suit on the contract against defendant individually. In defense, defendant argued, among other things, that plaintiff's contract was with Eyetronics and not him, and as such he could not be held liable personally for the corporation's debt. Following a bench trial, Supreme Court concluded that the lack of corporate formalities, to wit, failure to conduct formal corporate meetings and lack of a payroll, established that Eyetronics never really came into existence and that defendant "ran things on his own". Accordingly, the court pierced the corporate veil and found defendant individually liable. Judgment was entered against him in the amount of $14,198, the balance calculated to be due and owing on the account, plus interest. Arguing that the evidence adduced at trial is insufficient to warrant piercing the corporate veil or to hold him individually liable under any other theory, defendant now appeals. Based upon our reading of the record, we agree with defendant's arguments and accordingly reverse.

While the courts are empowered to pierce the corporate veil in appropriate circumstances, in view of the well established fact that a business lawfully can be incorporated for the very purpose of enabling its proprietor to escape personal liability, the corporate form is not lightly to be disregarded. Indeed, precedent is clear that courts will pierce the corporate veil only to prevent fraud, illegality or to achieve equity (see, e.g., Bowles v Errico, 163 AD2d 771). This is true even in situations such as this where the corporation is controlled or dominated by a single shareholder. As we recently recognized, the relevant factors to consider in making this determination are: " '(1) domination and control over [the] corporation by those held liable which is so complete that the corporation has no separate mind, will, or existence of its own; (2) use of this domination and control to commit fraud or wrong or any other dishonest or unjust act; and (3) injury or unjust loss resulting to plaintiff from said control and wrong' " (supra, at 773, quoting 13 NY Jur 2d, Business Relationships, § 26, at 289). Here, even assuming, arguendo, that the lack of corpo-

rate formalities is sufficient to establish the first element noted above, nothing fraudulent or illegal about Eyetronics has been alleged, nor has it been shown that defendant used his asserted control of Eyetronics to commit any wrongdoing. As such, we perceive no basis for disregarding the corporate form here.

We likewise are unpersuaded that defendant can be held liable under agency law principles. It is well established that an agent of a disclosed principal does not, absent express agreement, become liable individually on a contract relating to the agency (see, MacDougal v Birdie Co., 20 AD2d 175, 176; Restatement [Second] of Agency § 320). In this case, defendant's signature on the purchase contract in his capacity as president of Eyetronics, along with the fact that the contract was written on Eyetronics stationery and was accompanied by a $2,000 corporate check drawn on Eyetronics' account representing a down payment, leave little doubt but that defendant was acting as agent for Eyetronics or that Eyetronics was a disclosed principal. While plaintiff further claims that defendant made a subsequent oral promise to pay Eyetronics' corporate debt, inasmuch as promises to answer for the debts of another are unenforceable unless in writing and signed by the party charged (General Obligations Law § 5-701 [a] [2]), plaintiff cannot rely upon this alleged promise to support a claim of individual liability.

Weiss, P. J., Cardona, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.