■ Evert Seuter et al., Respondents, v Bruce Lieberman, Appellant, et al., Defendant. [644 NYS2d 566] —In an action to recover damages for personal injuries, etc., the defendant Bruce Lieberman appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), entered July 5, 1995, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Bruce Lieberman.

The plaintiff Evert Seuter was allegedly injured when he slipped and fell in a pothole on a private road. The plaintiffs commenced this action against the two defendants, alleging that both owned and exercised control over the road. The defendant Bruce Lieberman moved for summary judgment on the ground that he transferred ownership of the road to the corporate defendant Future Management, Inc., prior to the accident, and thus he could not be held personally liable for any injuries. In response, the plaintiffs claimed that the corporate defendant was the alter ego of Lieberman, and thus urged the court to pierce the corporate veil.

Generally, piercing the corporate veil requires a showing that: (1) the owners exercised complete dominion of the corporation in respect to the transaction attacked, and (2) such dominion and control was used to commit a fraud or wrong against a plaintiff which resulted in that plaintiff's injury (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Hyland Meat Co. v Tsagarakis,* 202 AD2d 552). Upon our review of the record, we conclude that while the plaintiffs submitted sufficient admissible evidence to establish a question of fact as to the first element, they failed to do so with respect to the second. Thus, summary judgment should have been

granted to Lieberman. While complete domination of the corporation is a key factor in piercing the corporate veil, such domination, standing alone, is not enough (*Matter of Morris v New York State Dept. of Taxation & Fin., supra,* at 142).

The plaintiffs' contention that Lieberman formed the corporation in order to avoid responsibility for the road was based largely on the unsupported affidavit of the plaintiffs' counsel. Lieberman came forward with admissible evidence that the corporation was formed well before the road was transferred to the corporation (*see, Bowles v Errico,* 163 AD2d 771, 773). Furthermore, Lieberman submitted admissible evidence that the corporation was formed for real estate investment purposes, it observed corporate formalities, and that it engaged in actual business. In any event, it is established that a business can lawfully be incorporated for the very purpose of enabling its proprietor to avoid personal liability (*New York Assn. for Retarded Children v Keator,* 199 AD2d 921). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.