■ JAMES W. AHEARN, Plaintiff, v JUDY GLUCK, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. BANK OF NEW YORK FINANCIAL CORP. et al., Third-Party Defendants-Appellants-Respondents. [663 NYS2d 60] —In an action to foreclose a mortgage, (1) the third-party defendants appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 16, 1996, as denied their motion for summary judgment dismissing the third-party complaint, and (2) the third-party plaintiff cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied those branches of her cross motion which were for summary judgment on her causes of action (a) to recover damages for breach of contract, and (b) for indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, the third-party defendants' motion for summary judgment is granted, and the third-party complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the third-party defendants are awarded one bill of costs.

Since no evidence was submitted by the defendant third-party plaintiff disputed the fact that the third-party defendant Bank of New York (hereinafter the Bank) was anything more than the parent of the third-party defendant Bank of New York Financial Corp. (hereinafter BNY), the Supreme Court erred in denying that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint against the Bank, since a parent corporation may not be held liable for the wrongs of its subsidiary solely upon the basis of stock ownership (*see, e.g., Astrocom Elecs. v Lafayette Radio Elecs. Corp.*, 63 AD2d 765).

The cause of action to recover damages for breach of contract should have been dismissed insofar as asserted against BNY because the documentary evidence submitted by BNY in support of the dismissal of that cause of action showed that there was no such breach, and the third-party plaintiff was unable to tender any evidence to contradict the proof submitted by BNY (*see, e.g., Zuckerman v City of New York*, 49 NY2d 557).

Furthermore, the evidence submitted on the motion demonstrated that there was no basis for an indemnification cause of action as against BNY. Therefore, this cause of action should also have been dismissed (*see generally, Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 64 NY2d 840; *State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83).

Additionally, as the defendant third-party plaintiff concedes, her causes of action to recover damages for fraud and unjust enrichment should have been dismissed by the Supreme Court.

The defendant third-party plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.